**In the Matter of ISLAND AMUSEMENT, INC.,** **Debtors.**

**Bankruptcy No. B–83–00585(B).**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 23, 1987.

Sergio Ramírez de Arellano, Hato Rey, P.R., for debtor.

José Meléndez Alicea, Hato Rey, P.R., for trustee.

## ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On June 25, 1986 Robert Bennett and June Griffen Bennett (movants) filed a motion, through counsel, requesting the substitution for cause of the duly appointed trustee in this case, Hector M. Rodriguez Estrada.

A hearing had been scheduled and held before the Honorable William H. Beckerleg on September 3, 1986 and was continued to November 21, 1986. On the latter date, the matter was argued by the movants' attorney and by the attorney for the trustee before the undersigned. The Court granted the parties five (5) days to file Memorandum of Law. The movants timely filed a Memorandum. The Trustee failed to do so.

After a careful examination of the record in this case, considering the arguments set forth by counsel and movants' memorandum, the Court make the following findings and conclusions:

## FINDINGS OF FACT

A. The present case commenced as a Chapter 11 proceeding which was subsequently converted to a Chapter 7 on October 1, 1985.

B. On the date of the conversion, Mr. Hector M. Rodriguez Estrada was appointed interim trustee and permanent trustee at the 341 hearing.

C. It appears from the trustee's report of March 31, 1986, that from October 1, 1985 to the present the Trustee:

1. Failed to attend hearings scheduled and notified in this case, including the hearing of November 21, 1986.

2. Failed to collect or take necessary steps to collect on an insurance claim for a robbery of estate assets that occured after the conversion and which was notified to trustee by movants on or around November 1, 1985.

3. Failed to timely turnover leased property to landlord, thus permitting unnecessary administrative use and occupancy to accrue although premises were not being used.

4. Failed to expeditiously sell chattels belonging to the estate.

5. Failed to collect on a $50,000.00 mortgage due and owing to the estate.

6. Failed to pick up and review debtor's books and records, placed at his disposal by movants.

7. Failed to object to any proofs of claim filed.

8. Failed to provide information regarding the estate in his report of March 31, 1986.

D. In summary, the trustee has not been diligent in trying to collect and reduce to money the property of the estate. His attorney argued that he, the attorney, had commenced to work on the case; but admitted that the trustee personally had not undergone efforts to collect and reduce to money the property of the estate before June 1986.

## CONCLUSIONS OF LAW

A. The Bankruptcy Code lists a trustee's duties in § 704 as follows:

"§ 704. Duties of trustee. The trustee shall—(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operate, file with the court, with the United States Trustee,* and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States Trustee* or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States Trustee*."

B. As stated in the Findings herein the trustee has not complied with § 704(1), (2), (4), (5) and (7).

C. Case law is in agreement that the measure of care required of a Bankruptcy trustee is "... that of an ordinarily prudent man in conduct of his private affairs under similar circumstances and of similar object in view ..." [*Ford Motor Credit v. Weaver,* 680 F2d 451, 461 (6th Cir.1982); *In re Reich,* 54 B.R. 995 (B.C.Mich 1985).

 D. A trustee has the duty to collect assets of the debtor in an expeditious manner, avoiding unreasonable expense in either their preservation or distribution. (*In re Crutcher Transfer Line, Inc.,* 20 B.R. 705 (B.C.W.D.Ky.1982)).

E. A trustee cannot delegate his duties to his attorney or another professional. For instance, "... examining the books and records and recovering property of the estate are the responsibility of trustee, rather than his counsel." *In re Best Pack Seafood, Inc.,* 21 B.R. 852, 854 (B.C. Me.1982).

F. Section 324(a) provides that after notice and hearing the Court may remove a trustee for cause. Cause as used in the aforestated section is not defined in the Code and must be determined on a case to case basis. *Colliers Bankruptcy Practice Guide,* Vol. 2, § 29.02. Consequently, "cause" to remove a trustee within the meaning of § 324(a) may be found where a trustee fails to comply with one or more of his obligations as listed in § 704.

G. Fifteen months have transpired since trustee's appointment. The trustee's failure to expend reasonable efforts to sell chattels, turn over leased premises, or undertake efforts to collect on either the insurance claim or the mortgage shows a lack of due diligence in carrying out his duties under 704(1).

H. Any efforts carried out by trustee's attorney since his appointment do not excuse trustee's non-compliance with his obligations.

I. The trustee's report of March 31, 1986 is incomplete and fails to inform the existence of the pending matters in the case although he had information regarding the same. Likewise, the uncontroverted assertion that trustee failed to request and examine the debtor's books and records in fifteen months is a violation of his duties under Section 704(4).

WHEREFORE, this Court concludes that cause exists to remove Mr. Héctor M. Rodriguez Estrada as trustee in this case, pursuant to the provisions of §§ 324(a) and 704(1), (2), (4), (5) and (7) of the Code. The Clerk of this Court shall proceed to vacate the trustee's appointment in the instant case and name forthwith a substitute trustee with instructions to proceed to carry out all necessary steps for the expeditious administration of this case.

IT IS SO ORDERED.