14 F.3d 1380
 30 Collier Bankr.Cas.2d 792
 In re UNITED INSURANCE MANAGEMENT, INC., Debtor.
ERNST & YOUNG, as successor-in-interest to Arthur Young &
Company; Karl A. Haushalter, Jr., Plaintiffs-Appellants,
v.
Robert K. MATSUMOTO, Trustee for Debtor United Insurance
Management, Inc. and Paul I. Brown, Defendants-Appellees.
 No. 92-16397.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided Jan. 20, 1994.
 
 Steven B. Jacobson, Torkildson, Katz, Jossem, Fonseca, Jaffe, Moore & Hetherington, Honolulu, HI, for plaintiffs-appellants.
 Patrick Jaress, Jaress & Raffetto, Honolulu, HI, for defendants-appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before LAY,* HALL, and THOMPSON, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 Ernst & Young appeals a district court order remanding the bankruptcy court's summary judgment with instructions to determine whether the doctrine of equitable tolling preserves the claims of chapter 7 debtor United Insurance Management, Inc. despite expiration of the Bankruptcy Code's statute of limitations. Because the doctrine of equitable tolling is inapplicable as a matter of law on undisputed facts in the record, we reverse the district court and reinstate the bankruptcy court's summary judgment.
 
 I.
 
 2
 In 1981, Robert J. Keller purchased United Insurance Management, Inc. ("UIMI") from Paul I. Brown. Arthur Young & Company ("AY"), the predecessor-in-interest to Ernst & Young ("EY"), performed an acquisition review for the sale and provided UIMI with audit services for the next three years. In 1984, UIMI filed a chapter 7 bankruptcy petition and the bankruptcy court appointed Robert K. Matsumoto ("trustee") as UIMI's trustee.
 
 
 3
 In 1986, Brown filed suit against AY in Hawaii state court for alleged misrepresentations and breaches of professional duty to UIMI. In 1991, the state court granted AY's motion for summary judgment, holding that the state statute of limitations barred Brown's claims for AY's conduct during his ownership of UIMI and that Brown lacked standing to pursue claims against AY for conduct after his sale of the company. Undeterred, Brown subsequently obtained an assignment of UIMI's potential claims against EY (which had, by that time, succeeded AY). After learning of the assignment, EY commenced an adversary proceeding in bankruptcy court seeking a declaratory judgment that federal and state statutes of limitations barred any claims that Brown (as UIMI's assignee) might assert against it.[1] Brown and the trustee contended that they were unaware of UIMI's causes of action against EY and that, as a result, the doctrine of equitable tolling preserved UIMI's claims.
 
 
 4
 The bankruptcy court granted partial summary judgment for EY, holding that the two-year statute of limitations in Sec. 546(a)(1) of the Bankruptcy Code "bars any claims UIMI has, had or ever ha[s] had under 11 U.S.C. Secs. 544, 547, 548, and/or 553, if any, against Plaintiff EY [and] its predecessor AY." The court, however, refused to issue declaratory relief on the state law issues, holding that "UIMI's alleged State law claims are best addressed to the State Court(s) in which UIMI or any assignees may attempt to file such claims." The court never addressed the equitable tolling argument raised by Brown and the trustee.
 
 
 5
 On appeal, the district court remanded, holding that the bankruptcy court erred by not considering the applicability of equitable tolling: "It is not apparent from the bankruptcy court's order whether it addressed the equitable tolling doctrine issue. Moreover, if the bankruptcy court implicitly determined that the doctrine did not apply to this case, it is unclear on what ground such a determination was made. As the issue of whether equitable tolling should apply to this case is clearly a factual determination ... this issue should first be expressly resolved by the bankruptcy court."
 
 
 6
 EY filed a timely appeal to this court, contending that equitable tolling does not apply to the Bankruptcy Code's statutes of limitation and that, even if it does, the doctrine is inapplicable on the undisputed facts of this case. Brown and the trustee contend that the district court was correct and that, in any event, we lack jurisdiction over the appeal because neither the bankruptcy court nor the district court issued final judgments. We review de novo these questions of jurisdiction and statutory interpretation. E.g., Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir.1993).
 
 II.
 
 7
 We may exercise jurisdiction over this appeal only if the judgments of both the bankruptcy and district courts are final. E.g., Bonner Mall Partnership v. U.S. Bancorp Mortgage Co. (In re Bonner Mall Partnership), 2 F.3d 899, 903 (9th Cir.1993); 28 U.S.C. Secs. 158(a), 158(d). Brown and the trustee argue that the bankruptcy court order was not final because it granted only partial summary judgment and that the district court order was not final because it remanded EY's action to the bankruptcy court. Both arguments are incorrect.
 
 A.
 
 8
 A partial summary judgment constitutes a final order in the bankruptcy context when it is "in fact a final disposition of all claims asserted ... in the underlying adversary proceeding." Koehring Co. v. Nolden (In re Pacific Trencher & Equip., Inc.), 718 F.2d 972, 972 (9th Cir.1983). See also Carroll v. Tri-Growth Centre City, Ltd. (In re Carroll), 903 F.2d 1266, 1269 (9th Cir.1990) (exercising jurisdiction where a bankruptcy court order "left no doubt that it was completely resolving the issue").
 
 
 9
 The bankruptcy court disposed of EY's federal claims and expressly "decline[d] to decide the [state-law] questions presented by [EY]'s complaint." In so doing, the court essentially exercised its ability to abstain from deciding the state-law issues. See Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071, 1075-79 (9th Cir.1991); 28 U.S.C. Sec. 1334(c)(1). The court's decision to abstain is a final order because its impact "[i]s to send [the case] 'effectively out of court.' " Herrington v. County of Sonoma, 706 F.2d 938, 939 (9th Cir.1983) (quoting Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715 n. 2, 82 S.Ct. 1294, 1296 n. 2, 8 L.Ed.2d 794 (1962)). The district court properly exercised jurisdiction.[2]
 
 B.
 
 10
 "The unique nature of bankruptcy proceedings dictates that we take a pragmatic approach to [determining the] finality" of district court orders reviewing bankruptcy court decisions. Bonner Mall Partnership, 2 F.3d at 903. "[W]hen the district court remands for further factual findings related to a central issue raised on appeal, its order is ordinarily not final." Id. at 904. We will, however, "assert jurisdiction even though a district court has remanded a matter for factual findings on a central issue if that issue is legal in nature and its resolution either 1) could dispose of the case or proceedings and obviate the need for factfinding; or 2) would materially aid the bankruptcy court in reaching its disposition on remand." Id. (footnote omitted). See Farm Credit Bank v. Fowler (In re Fowler), 903 F.2d 694, 695-96 (9th Cir.1990); King v. Stanton (In re Stanton), 766 F.2d 1283, 1285-88 & n. 8 (9th Cir.1985).
 
 
 11
 The exception encompasses this appeal. The questions of whether equitable tolling applies to the Bankruptcy Code and, if it does, whether Brown and the trustee can invoke the doctrine on the undisputed facts of the case are both legal in nature. Moreover, we obviate the need for further factfinding by concluding that, as a matter of law, equitable tolling does not preserve UIMI's claims.
 
 C.
 
 12
 The bankruptcy and district court orders were final. We have jurisdiction over the appeal. See Franklin v. Commonwealth Fin. Corp. (In re Franklin), 922 F.2d 536, 538 (9th Cir.1991) (reviewing district court's reversal and remand of bankruptcy court's summary judgment).
 
 III.
 
 13
 Section 546(a)(1) of the Bankruptcy Code provides that "[a]n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after ... two years after the appointment of a trustee." 11 U.S.C. Sec. 546(a)(1). Because the bankruptcy court appointed the trustee in 1984, EY argues that neither Brown nor the trustee may now bring claims under those provisions (which delineate bankruptcy avoidance powers). Brown and the trustee contend that they were unaware of UIMI's potential claims against EY until very recently and that, as a result, the bankruptcy court should have equitably tolled Sec. 546(a)(1)'s limitations period.
 
 
 14
 We hold that equitable tolling may, in proper cases, apply to Sec. 546(a)(1) but conclude that, as a matter of law, the trustee's undisputed lack of diligence in pursuing claims against AY and EY prevents him from invoking the doctrine now.
 
 A.
 
 15
 Under the equitable tolling doctrine, where a party "remains in ignorance of [a wrong] without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (internal quotation omitted). As a general rule, "[t]his equitable doctrine is read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945).
 
 
 16
 Every court that has considered the issue has held that equitable tolling applies to Sec. 546(a)(1). See Amazing Enters. v. Jobin (In re M & L Business Machs., Inc.), 153 B.R. 308, 311 (D.Colo.1993); White v. Boston (In re White), 104 B.R. 951, 956-58 (S.D.Ind.1989); Steege v. Lyons (In re Lyons), 130 B.R. 272, 279-81 (Bankr.N.D.Ill.1991); McGoldrick v. McGoldrick (In re McGoldrick), 117 B.R. 554, 557-59 (Bankr.C.D.Cal.1990); McColley v. Rosenberg (In re Candor Diamond Corp.), 76 B.R. 342, 350-51 (Bankr.S.D.N.Y.1987); Martin v. Butcher (In re Butcher), 72 B.R. 247, 249-51 (Bankr.E.D.Tenn.1987); Metzeler v. Bouchard Transp. Co. (In re Metzeler), 66 B.R. 977, 980-82 (Bankr.S.D.N.Y.1986). These cases follow the seminal decision of Bailey v. Glover, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1875), in which the Supreme Court held that a bankruptcy trustee could pursue a fraudulent transfer action after expiration of the two-year limitations period in the Bankruptcy Act of 1867 because the trustee lacked knowledge of the cause of action before the period expired. Id. at 349-50.
 
 
 17
 Ignoring this authority, EY argues that the Supreme Court's Lampf decision dictates that we find Sec. 546(a)(1) immune from equitable tolling. In Lampf, the Court held that equitable tolling considerations were inapplicable to the one- and three-year limitations periods of Sec. 13 of the Securities Act of 1933. Lampf, --- U.S. at ----, 111 S.Ct. at 2782. The Court reasoned that equitable tolling would be "fundamentally inconsistent" with the unique structure of Sec. 13, which limits actions to the earlier of one year after discovery and three years after sale: "The 1-year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3-year limit is a period of repose inconsistent with tolling.... The inclusion of the three-year period can have no significance in this context other than to impose an outside limit." Id. (internal quotation omitted).
 
 
 18
 Section 546(a)(1), which merely sets a two-year period for bringing certain bankruptcy actions, is not at all similar to the limitations period in the Securities Act. Equitable tolling is not "fundamentally inconsistent" with Sec. 546, which has no tolling provision itself and does not contain a distinct period of repose. In fact, the Court in Lampf cited Bailey with approval, indicating an intent not to limit equitable tolling in contexts other than the Securities Act itself. We conclude that Sec. 546(a)(1) is subject to equitable tolling in proper circumstances.
 
 B.
 
 19
 The district court held that, because the bankruptcy court made no ruling on the applicability of equitable tolling, a remand was necessary for this "factual determination." We realize that the issue of "whether the limitations period should be tolled in [a] particular case [is] [o]rdinarily ... a question for the [lower] court in the first instance." Seattle Audubon Soc'y v. Robertson, 931 F.2d 590, 595 (9th Cir.1991), rev'd on other grounds, --- U.S. ----, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992). See Smith v. City of Chicago Heights, 951 F.2d 834, 842 (7th Cir.1992) ("We return this case to the district court so that it may consider in the first instance whether ... the doctrine of equitable tolling is applicable to this case. The scant record before us makes it inappropriate for us to make any such determination."); White, 104 B.R. at 958 ("Because equitable tolling is essentially a fact-based decision, and the present record is sparse, it will be up to the bankruptcy court to determine whether the doctrine should govern this case.").
 
 
 20
 Nevertheless, when application of equitable tolling turns on the plaintiff's diligence in discovering a cause of action, courts may hold, as a matter of law, that the doctrine does not apply. "[T]he extent to which a plaintiff used reasonable diligence is tested by an objective standard. A district court may, therefore, grant a summary judgment motion if the uncontroverted evidence irrefutably demonstrates that a plaintiff discovered or should have discovered the fraud but failed to file a timely complaint." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1417 (9th Cir.1987). See Bornstein v. Poulos, 793 F.2d 444, 448 (1st Cir.1986) (despite lower court's failure to consider the issue, appellate court may find that undisputed facts in the record illustrate that equitable tolling does not preserve bankruptcy trustee's action). This is just such a case.
 
 C.
 
 21
 "The touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.) (internal quotations omitted), cert. denied, --- U.S. ----, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993). "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).
 
 
 22
 Because a chapter 7 trustee has a statutory obligation to "investigate the financial affairs of the debtor[, ...] collect and reduce to money the property of the estate ..., and close such estate as expeditiously as is compatible with the best interests of parties in interest," 11 U.S.C. Secs. 704(1), (4), equitable tolling's requirement of diligence is particularly acute in the bankruptcy context. Included within a trustee's statutory obligations are the duty to examine the debtor's books and records, see In re Island Amusement, Inc., 74 B.R. 18, 20 (Bankr.D.P.R.1987), and to investigate and litigate potential lawsuits that might be brought on behalf of the debtor, see Mele v. First Colony Life Ins. Co., 127 B.R. 82, 86 (D.D.C.1991). Failure to perform these duties expeditiously subjects the trustee to removal, see Island Amusement, 74 B.R. at 20, forfeiture of fees, see Estes & Hoyt v. Crake (In re Riverside-Linden Inv. Co.), 925 F.2d 320, 322 (9th Cir.1991), or liability for damages, see Hall v. Perry (In re Cochise College Park, Inc.), 703 F.2d 1339, 1357 (9th Cir.1983).
 
 
 23
 The failure to perform these duties also nullifies the trustee's ability to invoke the doctrine of equitable tolling. See Lyons, 130 B.R. at 280 ("The Trustee ... inexplicably waited approximately two years [to file suit after learning of potentially voidable transfers]. This is not acting with the diligence required to properly invoke the equitable tolling doctrine."); Metzeler, 66 B.R. at 982 ("[T]he Trustee did not make a sufficient showing that the tolling doctrine applies. While he argues that diligence was shown in his pursuit of information from [a creditor], the four months it took to obtain it does not speak of diligence.... The absence of any indication of such a review [of the debtor's financial transactions] ... is tantamount to a failure to show diligence ... [and does not] support the application of the tolling doctrine to Sec. 546(a).").
 
 
 24
 The trustee did not act diligently in this case. Before assigning UIMI's causes of action to Brown and defending against EY's declaratory judgment action, the only actions the trustee took pursuant to his relevant statutory duties were filing an unsuccessful state-law action against Keller to recover stock in a UIMI subsidiary, conducting an oral examination of Keller, and unsuccessfully requesting UIMI's books and records from Keller. The trustee never took additional steps to obtain possession of the books nor, more importantly, requested any information from AY, despite the fact that the accounting firm was listed on the bankruptcy petition as UIMI's auditor and as the possessor of UIMI's tax returns. Nearly seven years elapsed from the time the bankruptcy court appointed the trustee to the time the trustee assigned UIMI's claims to Brown.[3]
 
 
 25
 Brown and the trustee claim that Keller's recent mail fraud conviction, arising from conduct in connection with UIMI and other companies, see United States v. Keller, No. CR-88-740-WDK (C.D.Cal.), aff'd, 948 F.2d 1293 (9th Cir. Dec. 2, 1991), illustrates that potential claims against EY "are just now surfacing to public awareness." This contention is undercut by the fact that, by 1986, a state receiver of Financial Security Insurance Company ("FSIC"), UIMI's sole subsidiary and only non-contingent asset, had obtained a state-court judgment of more than $13 million against Keller and had that judgment affirmed by the Hawaii Supreme Court, see Ramil v. Keller, 726 P.2d 254 (Haw.1986). Particularly considering that, by 1984, FSIC's receiver was aware of Brown's allegations that AY had acted improperly, any contention regarding newly-discovered claims strains belief.
 
 
 26
 The trustee rightly should be charged with the FSIC receiver's knowledge of these claims. As EY points out, "[d]ue diligence surely requires a debtor's trustee to speak with the receiver of its only subsidiary about potential claims."[4] Because the trustee failed to do so, we hold as a matter of law that neither he nor Brown can now invoke equitable tolling to preserve UIMI's alleged claims against EY.[5]
 
 IV.
 
 27
 We have jurisdiction because the lower court orders were final for the purposes of this bankruptcy appeal. We conclude that, although equitable tolling applies to Sec. 546(a)(1) in some instances, the district court erred by remanding the case for application of the doctrine. As a matter of law on the undisputed facts, the trustee failed to pursue diligently UIMI's bankruptcy causes of action against AY and EY. As a result, equitable tolling cannot apply to this case. We reverse the district court and reinstate the bankruptcy court's summary judgment.
 
 
 28
 REVERSED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 Karl A. Haushalter, an EY partner who performed accounting services for UIMI, also joined the suit
 
 
 [2]
 The argument to the contrary is disingenuous. When appealing the bankruptcy court's unfavorable ruling, Brown and the trustee indicated that the district court's jurisdiction was based on Bankruptcy Rule 8001(a), which sets forth procedures for appealing "a final judgment, order, or decree of a bankruptcy judge to a district court." Fed.R.Bankr.P. 8001(a). Brown and the trustee never moved for leave to appeal an interlocutory order, as they would have needed to do had the bankruptcy court's judgment not been final. Id. 8001(b); 8003. Only now, when seeking to preserve the district court's favorable ruling, do Brown and the trustee argue that the bankruptcy court order in fact was not final
 
 
 [3]
 Indeed, we wonder why the bankruptcy court did not dismiss UIMI's petition for lack of prosecution. See 11 U.S.C. Sec. 707(a)(1)
 
 
 [4]
 Brown obviously had knowledge of these claims as well. Because Brown had no standing to bring claims on behalf of UIMI until he received an assignment from the trustee, however, this knowledge is irrelevant. See McGoldrick, 117 B.R. at 562 (Although creditor had knowledge of transfer and therefore could not invoke equitable tolling on his own, he could invoke the doctrine after receiving an assignment of claims from the debtor. "[M]ere knowledge of a transfer is insufficient to start the time running on a cause of action if the person with knowledge is ineligible to assert the cause of action.")
 
 
 [5]
 Brown and the trustee also claim that EY's failure to file a proof of claim against UIMI until 1991 somehow excuses the trustee's lack of diligence. This contention is incorrect for two reasons. First, the trustee's duties of investigation do not run only to entities with claims against the debtor. Second, a bankruptcy court order in 1984 expressly stated that UIMI had no assets and that it was "unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate." EY therefore was under no obligation to file a proof of claim any sooner than it did