In re Robert B. SMITH, Debtor.

David DOYAGA, Esq., as Trustee of the Estate of Robert B. Smith, Plaintiff,

v.

Valerie SCHRETTER, Defendant.

Bankruptcy No. 193–10509–260.

Adv. No. 195–1317–260.

United States Bankruptcy Court, E.D. New York.

Jan. 16, 1996.

Fischoff, Gelberg & Director by Stuart Gelberg, Garden City, NY, for Plaintiff.

Lazer, Aptheker, Feldman, Rosella & Yedid, LLP by Robin S. Abramowitz, Melville, NY, for Defendant.

## DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the court as an adversary proceeding brought by the Chapter 7 Trustee ("Plaintiff" or "Trustee") of the estate of Robert B. Smith ("Debtor") to recover a preferential transfer pursuant to section 547 of the Bankruptcy Code ("Code"). The defendant in this case, Valerie Schretter ("Defendant"), seeks an order for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."),[1] dismissing this adversary proceeding on the ground that Plaintiff's action was commenced after the relevant statute of limitations period had expired. After consideration of the facts and issues raised herein, for the reasons hereinafter set forth, the Defendant's motion for summary judgment should be granted and the Trustee's complaint should be dismissed in its entirety.

### FACTS

On January 21, 1993, the Debtor filed a voluntary petition for relief under Chapter 7 of the Code. Pursuant to section 701, David Doyaga was appointed interim trustee on that same date. At the first meeting of Creditors, held on February 23, 1993, Mr. Doyaga was appointed permanent trustee.

The Trustee initiated this adversary proceeding on July 12, 1995, seeking to recover a $4,100 payment made by the Debtor to Valerie Schretter, the Debtor's sister-in-law. The complaint alleges that the payment was made within one year of the filing date and is, therefore, recoverable as a preferential payment under 11 U.S.C. § 547(b)(4)(B).[2]

In a letter dated December 30, 1993, the Trustee, through his attorney, attempted to contact the Defendant in regard to this payment. See Exhibit B to Trustee's Complaint. The letter reads, in pertinent part, as follows:

> The records of the above captioned debtor indicate that within one year prior to January 21, 1993, the date of the filing of the above captioned case, the debtor paid over to you the sum of $4,100.00 on account of

---

**1.** Rule 56 of the Fed.R.Civ.P. is applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7056. Rule 56 provides, in pertinent part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

**2.** See infra discussion of section 547(b).

an antecedent debt incurred more than 45 days prior to the day of payment. In our opinion, this payment to you constitutes a voidable preference which the Trustee is entitled to set aside and recover back pursuant to United States Bankruptcy Code. I, therefore, respectfully demand that you pay over to me the aforementioned sum of $4,100.00 by return mail.

*Id.*

According to the Debtor's Statement of Financial Affairs, this alleged payment is part of a larger debt of which the Defendant is still owed $15,000.00.

The Defendant timely filed an answer with this Court on August 11, 1995. In her answer, the Defendant asserts that the Plaintiff is time barred as he failed to initiate his preference action within two years of his appointment as Permanent Trustee, the statutorily prescribed limitations period mandated by section 546(a) of the Code.[3] The Defendant subsequently moved this Court for summary judgment to dismiss the Plaintiff's complaint.

In response to the Defendant's motion, the Plaintiff points to the Debtor's failure to supply him with the proper address of the Defendant so that she could be contacted regarding her alleged receipt of the preferential payment. The Trustee argues that the Debtor, represented by the same counsel as the Defendant, willfully manipulated the Defendant's address in his schedules in order "to purposely delay and frustrate" the procurement of the Defendant's correct address. *See* Plaintiff's Affirmation in Opposition to Debtor's Motion for Summary Judgment ¶ 4 ("Plaintiff's Affirmation"). As listed in the Debtor's Statement of Financial Affairs, the address of the Defendant is "2 Eaton Court, Baskingridge, New Jersey 17920." The correct address, as conveyed in a June 15, 1995 letter from the Defendant's (and Debtor's) attorney to Plaintiff's attorney, is "39 Eaton Court, Bedminister, New Jersey 17921." *See* Exhibit B to Plaintiff's Affirmation.

The Defendant claims that the Trustee's argument is completely without merit as the Trustee failed to make any request for the correct address until May, 1995, approximately three months, according to the Defendant, after an adversary proceeding could have properly been commenced. In support of this claim, the Defendant offers a letter from the Trustee's counsel to the Defendant's counsel, dated May 30, 1995, in which the former states:

> For the past couple of weeks, I have been trying to obtain the address for Valerie Schretter which you have failed to supply me with. I do not understand why it is taking you so long to obtain the address of Valerie Schretter.

Exhibit A to Defendant's Reply Affirmation in Further Support of Motion for Summary Judgment Dismissing Complaint.

The Defendant asserts that this letter shows that the earliest the Trustee sought her correct address was during the month of May, 1995. Accordingly, the Defendant claims that since the statute of limitations had already expired, the failure to provide the correct address was not the cause of the delay in commencing this adversary proceeding. In response, the Trustee contends that the Debtor's willful manipulation of the Defendant's correct address constitutes an allowable excuse for the lateness in bringing this action.

## DISCUSSION

Under section 547(b) of the Code, a Trustee has the power to avoid certain transactions, known as "preferential transfers," made by a debtor prior to filing a petition in bankruptcy. This section reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> .    .    .    .    .

---

3. *See infra* discussion of section 546(a).

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payments of such debt to the extent provided by the provisions of this title.

11 U.S.C. 547(b).

A trustee is limited, however, in when this "preference action" may be brought. Section 546(a) of the Code imposes the following restrictions:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. 546(a).[4]

■ This section is very clear. A permanent trustee[5] has two years from the time of his appointment, under section 702, to initiate a preference action pursuant to section 547(b).[6] In the case at bar, David Doyaga was elected permanent trustee on February 23, 1993. The present adversary proceeding to recover an alleged preferential payment was not commenced by the Trustee until July 12, 1995, nearly two and one-half years after the Trustee's appointment. The two year statute of limitations had clearly expired.

Plaintiff argues that it procrastinated in commencing this adversary proceeding because of the Debtor's willful manipulation of the Defendant's address in the Debtor's schedules. This was done, according to the Plaintiff, "to purposely delay and frustrate the trustee" in obtaining Ms. Schretter's address. Plaintiff's Affirmation, ¶ 4. Based on this allegation, this Court now looks to see if the Plaintiff has a valid claim under the doctrine of "equitable tolling."

■ The equitable tolling doctrine provides:

[W]here the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.

Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson, 501 U.S. 350, 362, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (quoting Bailey v. Glover, 88 U.S. (21 Wall) 342, 348, 22 L.Ed. 636 (1875).

■ The equitable tolling doctrine applies to "every federal statute of limitation." Ernst & Young v. Matsumoto (In re United Insurance Management, Inc.), 14 F.3d 1380, 1384–85 (9th Cir.1994) (quoting Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945)); Metzeler v. Bouchard (In re Metzeler), 66 B.R. 977, 980 (Bankr.S.D.N.Y.1986) ("Since Bailey v. Glover, it has been the rule that a federal bankruptcy statute applicable to fraudulent transfer actions is subject to tolling until the plaintiff has 'discovered, or has failed in reasonable diligence to discover' the wrong.") (citation omitted). This includes section 546(a)(1). See United Insurance Manage-

---

**4.** This Court recognizes that § 546(a) was amended by § 216 of the Bankruptcy Reform Act of 1994, Pub.L. 103–394, on Oct. 22, 1994. However, the amended section only applies to cases filed after that date.

**5.** In a recent decision, this Court reinforced earlier cases which held that it is the trustee's election as "permanent trustee" and not "interim trustee" which triggers § 546(a). See Gazes v.

Kesikrodis (In re Ted A. Petras Furs, Inc.), 172 B.R. 170, 175–76 (Bankr.E.D.N.Y.1994).

**6.** The purpose of providing a trustee with this two year period "is to ensure that the trustee has ample time to investigate any potential claims and causes of action for the estate." Petras, 172 B.R. at 175 (quoting A.M. Mancuso v. Continental Bank National Association Chicago (In re Topcor), 132 B.R. 119, 124–5 (Bankr.N.D.Tex.1991)).

*ment, Inc.,* 14 F.3d at 1385 (providing a substantial list of cases applying the equitable tolling doctrine under section 546(a)(1)).

The District Court for the Southern District of New York has dealt with the issue of equitable tolling in the context of Section 546(a). *The Mediators, Inc. v. Manney (In re The Mediators, Inc.),* 190 B.R. 515 (S.D.N.Y.1995). Citing the Second Circuit Court of Appeals in *State of New York v. Hendrickson Bros., Inc.,* 840 F.2d 1065 (2d Cir.1988), *cert. denied,* 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988), in which the Court affirmed the application of an equitable toll in an antitrust case, the District Court held that equitable tolling was available to a plaintiff seeking to avoid a fraudulent transfer if it could be shown that:

(1) the defendant concealed from plaintiff existence of plaintiff's cause of action;

(2) upon discovering the cause of action, plaintiff commenced an action within the time period prescribed by the applicable statute of limitations; and (3) plaintiff's ignorance of the cause of action was not the result of a lack of due diligence on his part.

*The Mediators, Inc.,* 190 B.R. at 524.[7]

■ Although it is clear that the equitable tolling doctrine may be applied in conjunction with section 546(a), *see United Insurance Management, Inc.,* 14 F.3d at 1385, the question of whether it pertains to the case at bar still remains. "The 'doctrine has application only where the plaintiff has 'exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud, and [u]nawareness of facts or law, alone, does not justify suspending the operation of the statute.'" *Metzeler,* 66 B.R. at 981 (*quoting Arneil v. Ramsey,* 550 F.2d 774, 781 (2d Cir.1977)). Furthermore, a plaintiff must seriously endeavor to seek out the truth rather than wait for a "leisurely discovery of the ... [defendant's] scheme." *Metzeler,* 66 B.R. at 981 (*quoting Klein v. Bower,* 421 F.2d 338, 343 (2d Cir.1970)). *See also Freschi v. Grand Coal Venture,* 767 F.2d 1041, 1047 (2d Cir.1985), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3325, 92 L.Ed.2d 731 (1986) (Stating that satisfaction of the plaintiff's inquiry may involve a "rather painstaking investigation.").

Aside from sending its initial letter to the Defendant, dated December 30, 1993, Plaintiff's counsel failed to act on the matter of obtaining the Defendant's correct address until May of 1995. This is evidenced by the May 30, 1995 letter from Plaintiff's counsel to Debtor's counsel, in which the former explains that he had been trying to get Ms. Schretter's address "[f]or the past couple of weeks, ...." Between the time in which the Plaintiff was appointed permanent trustee and the Plaintiff's first attempt at contacting the Defendant, there was a gap of nearly 10 months in which the Plaintiff did nothing to locate the Defendant. Similarly, between the mailing of the December 30, 1993 letter and Plaintiff's subsequent request of the Debtor to supply the Defendant's correct address, there is another gap of nearly one and a half years in which no attempts were made to correct the situation.

Plaintiff's statutory time limit to initiate an adversary proceeding under section 547 expired during that last year and a half period. As previously stated, any chance of proceeding with an action against the Defendant at that point could only be accomplished by an equitable decree. However, this Court is convinced that the Plaintiff has failed to make a proper showing of the necessary diligence and effort required to implement an equitable toll. The Plaintiff was clearly aware of its cause of action, as evidenced by its letter of December 30, 1993. No legitimate reason has been supplied to this Court as to why the Plaintiff waited until after the two year time limit was up to first try and unearth the Defendant's correct address.

7. According to the District Court, the doctrine may be separated into two prongs. Prong one allows for an equitable toll if the plaintiff can prove that "the alleged fraud was concealed by *affirmative acts* of the defendant." *The Mediators, Inc.* 190 B.R. at 524 (emphasis added). "Even in the absence of 'fraudulent concealment' by the defendant, if 'the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part,' the limitations period is tolled until the fraud is discovered." *Id.* (*citing Bailey v. Glover,* 88 U.S. 342 at 348).

Furthermore, even without said address, the Plaintiff could have still commenced this adversary proceeding. At the very least, Plaintiff should have filed its complaint with this Court within the period prescribed by section 546(a). This would have demonstrated that the Plaintiff was aware of its statutory constraints and unfailing in its efforts to timely move to avoid the preferential transfer. However, Plaintiff failed to take any action in pursuit of its claim until after the statute of limitations had expired.

■ For the aforementioned reasons, this Court must now address Defendant's motion for summary judgment. Summary judgment is appropriate when the Court determines that " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (*quoting* Fed.R.Civ.P. 56(c)); *see also Skouras v. United States*, 26 F.3d 13 (2d Cir.1994); *Bank of India v. Sapru* (*In re Sapru*), 127 B.R. 306, 319 (Bankr.E.D.N.Y.) 1991). A fact is considered material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *Id.*

■ In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir.1992); *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *Moran v. Hong Kong & Shanghai Banking Corp.* (*In re Deltacorp, Inc.*), 179 B.R. 773, 780 (Bankr.S.D.N.Y.1995).

■ Furthermore, it is the moving party who initially bears the burden of establishing the absence of any genuine issue of fact. *Celotex Corp.*, 477 U.S. at 322–323, 106 S.Ct. at 2552–2553; *In re Ionosphere Clubs, Inc.*, 147 B.R. 855, 861 (Bankr.S.D.N.Y.1992). Rule 56(e) requires the non-moving party to set forth specific facts demonstrating that genuine issues of material fact remain for trial. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986). Thus, the non-movant may not merely rely upon the contentions of its pleadings, but must produce significant evidence to support its position by bringing to the attention of the Court some favorable indication that its version of relevant events is not a meritless allegation. *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978).

■ It appears from the record that the Plaintiff has not met this burden. Plaintiff failed to commence this adversary proceeding within two years of his appointment as permanent trustee. Therefore, Plaintiff was effectively time barred by section 546(a) of the Code. In addition, the record also fails to sufficiently persuade this Court that it would be proper to grant equitable relief in the form of a tolling of the statute of limitations. The Defendant has clearly demonstrated that the Plaintiff's cause of action was neither concealed nor obscured by the Debtor or Defendant; only the Plaintiff's lack of due diligence prevented the adversary proceeding from being commenced within the appropriate time frame. For these reasons, Defendant's motion for Summary Judgment should be granted.

## CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

2. Defendant's motion for Summary Judgment is GRANTED.

## SETTLE AN ORDER CONSISTENT WITH THIS OPINION.