In re **BAYVIEW PLAZA ASSOCIATES LIMITED PARTNERSHIP,** Debtors.

**BAYVIEW PLAZA ASSOCIATES LIMITED PARTNERSHIP,** Plaintiff,

v.

The **TOWN OF NORTH EAST, MARYLAND,** a municipal corporation, and **Robert F. McKnight,** and **Larry L. Truslow,** individually and in their respective capacities as Mayors of the Town of North East, Maryland, and **George F. Fitzroy, Jr., Thomas D. Patrick, Jr., Richard D. Stubbs, Rick A. Wyre,** and **Susan J. Hamilton,** Individually, and in their capacities as Commissioners of the Town of North East, Maryland, and **Melissa B. Cook–MacKenzie,** individually and in her capacity as Town Administrator, Defendants.

Bankruptcy No. 91–213.
Adversary No. 97–17.

United States Bankruptcy Court, D. Delaware.

June 26, 1997.

Thomas D. Runnels, Newark, DE, for Plaintiff/Debtor.

Richard T. Colaresi, Bowie, MD, Thomas S. Bouchelle, Newark, DE, for Defendants.

HELEN S. BALICK, Chief Judge.

This is the court's decision on the motion of the defendants to dismiss this adversary proceeding. This motion has been fully briefed. A June 10, 1997 letter from defendants' counsel suggested that this court should hear oral argument on the motion; however, no such argument is necessary.

## I. *Legal Standard*

The motion to dismiss cites, *inter alia*, Bankruptcy Rule 7012(b)(1) and (3). The defendants assert that this court lacks subject matter jurisdiction to hear the adversary, and that venue is improper in the District of Delaware.

The motion to dismiss for lack of subject matter jurisdiction must be considered first. On such a motion, the court assumes all well-pleaded factual allegations of the complaint are true. The court will also take judicial notice of certain fundamental matters that are of record in the underlying Chapter 11 case. The motion to dismiss of the defendants will be granted if the plaintiff Bayview Plaza Associates Ltd. Partnership fails to satisfy its burden that this court has subject matter jurisdiction over this pro-

ceeding. *MAI v. C.U. Technologies, Inc., (In re MAI,)* 178 B.R. 50, 52 (Bankr.D.Del.1995).

## II. *Facts*

Bayview Plaza Associates Ltd. Partnership was formed in 1989 to acquire and develop approximately eighteen and one-half acres of land in Cecil County, Maryland as multi-family apartments. In 1989, the Board of County Commissioners of Cecil County, Maryland granted Bayview plat approval to develop the Cecil County land provided that Bayview obtained a water commitment. In a February 16, 1989 letter, the Town of North East ("the Town") turned down Bayview's request for water service until the Leslie Water Treatment Plant was completed.

Bayview filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on March 4, 1991.

During the period from July 1989 through April 1992, Bayview continued to communicate to the Town Bayview's interest in obtaining a water service agreement from the Town, and undertook efforts to ascertain all procedural steps required by the Town for Bayview to obtain such an agreement. In June 1991, the water system was 95% completed, and in April 1992, the Town wrote to Bayview that its requested allocation of 81,000 gallons of water per day from the plant was tentatively approved.

In March 1993, the Town tendered two water service agreements to Bayview. Bayview executed both agreements, and one month later, returned them (signed) along with the requested deposit ($1,500.00). By cover letter accompanying the signed agreements, Bayview suggested that an addendum to the agreements should be executed removing death and bankruptcy as acts of default that would terminate the water service. On October 6, 1993, the Town returned the deposit check and stated that the water service agreement had not been signed by the Town.

This court confirmed the debtor's first amended plan on June 2 1994. That plan contemplates that the limited partners of Bayview will attempt to obtain final site plan approval for the Cecil County property, obtain non-recourse construction financing, and develop the property as a residential complex of approximately 300 units. Docket no. 81

(amended disclosure statement) at 7, 9–10. Bayview's belief that it had obtained a water service agreement with the Town constituted a substantial step towards the development of the property. *Id.* at 21.

In November 1996, the Town tendered to Bayview a new water agreement, which Bayview again signed and returned with the required deposit. The Town negotiated the check, but refused to honor the contract, because Bayview would not agree to release the Town from damages. Without water service, Bayview is unable to use the Cecil County land for residential development.

## III. *The Complaint and Requests for Relief*

The complaint was filed February 21, 1997. It names as defendants the Town and eight individuals, both in their individual capacities and in their respective capacities as Mayors of the Town, Commissioners of the Town, and Town Administrator. The complaint alleges that the Town had and has the capability of supplying Bayview's water needs, but has continually and unreasonably refused to do so. The complaint also alleges the acts described in the complaint were done willfully and maliciously (among other adverbs).

The complaint contains eight claims for relief. The first seven claims each seek actual damages of $970.947.00 through February 28, 1997, and punitive damages of two million dollars under the following alternative theories: breach of contract, breach of duty; denial of Bayview's property rights under the Due Process Clause of the 14th Amendment of the United States Constitution and Article 24 of the Maryland Declaration of Rights; violation of Bayview's equal protection rights under the 14th Amendment of the United States Constitution and Article 24 of the Maryland Declaration of Rights; violation of 11 U.S.C. § 525; violation of 11 U.S.C. § 362(a); and violation of 42 U.S.C. § 1983. The eighth claim seeks "mandamus" relief and an order enjoining the Town from discriminating against Bayview and ordering the Town to supply water. There is also a prayer for relief in the alternative to all the above: If the Town cannot provide water to Bayview, then Bayview seeks damages of $10,000.00 per unit, for a total of

$2,430.000.00. The complaint also seeks attorneys fees and costs.

## IV. *Discussion*

### A. *This Court has Subject Matter Jurisdiction*

The defendants recognize 28 U.S.C. § 1334(b) as the starting point for examining this court's subject matter jurisdiction. Under 28 U.S.C. § 1334(b), the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 157(a) gives the district court the discretion to refer a proceeding arising in or related to a case under title 11 to bankruptcy judges for the district. For cases filed before February 3, 1997, the United States District Court for the District of Delaware has referred its jurisdiction to this court. *In re Reference of Title 11 Proceedings to the United States Bankruptcy Court for This District*, (D. Del. June 13, 1994) (order).

■ The defendants argue that this entire adversary proceeding does not arise in or relate to a case under title 11. This argument is without merit. Without water service, Bayview cannot develop the Cecil County land. Thus, this proceeding may affect Bayview's ability to consummate the confirmed plan. *MAI v. C.U. Technologies, Inc., (In re MAI)*, 178 B.R. 50, 52 (Bankr.D.Del. 1995) (stating standard for post-confirmation jurisdiction). It also has been specifically held in a Chapter 11 context such as this one that a claim for relief pursuant to 11 U.S.C. § 525 arises under title 11. *Bradley v. Barnes (In re Bradley)*, 989 F.2d 802, 804 (5th Cir.1993).

■ The defendants also make an argument that this adversary proceeding is not core, and therefore this court has no jurisdiction. The non-core nature of an adversary proceeding would not be dispositive on the jurisdictional issue. The remainder of the defendants' arguments on the jurisdiction issue are wholly irrelevant and need not be discussed.

### B. *Venue is Improper*

■ Defendants' motion to dismiss next argues that the District of Delaware is an improper venue. Bankr.Rule 7012(b)(3). Where a defendant raises the defense of improper venue, the plaintiff has the burden of proving that venue is proper. *Shuman v. Computer Assoc. Intern., Inc.*, 762 F.Supp. 114, 116 (E.D.Pa.1991). In meeting that burden, the plaintiff may rely upon the well pleaded factual allegations of the complaint, which the court will assume to be true. *See, e.g., id.*

■ Section 1409 of Title 28 governs the venue of proceedings arising under title 11. Subsection (a) contains the applicable general rule and permits "a proceeding arising under title 11 ... [to be] commenced in the district court in which such case is pending." The defendants. however, point to subsection (d) of section 1409, which creates an exception to subsection (a). Subsection (d) states:

> [The debtor] may commence a proceeding arising under title 11 ... based on a claim arising after the commencement of such case from the operation of the business of the debtor *only* in the district court for the district where a State or Federal court sits in which, under applicable non-bankruptcy venue provisions, an action on such claim may have been brought.

28 U.S.C. § 1409(d)(emphasis added). This is a proceeding arising under title 11, and according to the complaint, the claim arose after the commencement of the Chapter 11 case (March 4, 1991). Bayview is in the business of developing land. The claims contained in this proceeding relate to the alleged breach of a water service agreement needed to develop the Cecil County land. Therefore, the claims arise from the operation of Bayview's business. Bayview has not argued that under applicable non-bankruptcy venue provisions, this proceeding could have been brought in the United States Court for the District of Delaware, and it does not appear that it could have been. *See, e.g.,* 28 U.S.C. § 1391. Therefore, plaintiff Bayview has not met its burden to show that venue in this District is proper. The adversary proceeding must be dismissed because the District of Delaware is an improper venue.

The defendants' motion seeks dismissal with prejudice; however, there is no basis for such a request.

### V. *Conclusion*

This court has subject matter jurisdiction over this adversary proceeding; however, venue is improper. This adversary proceeding is **DISMISSED** without prejudice.

IT IS SO ORDERED.