In re QUALITY PONTIAC BUICK GMC TRUCK, INC., Debtor.

Edward W. BERGQUIST, Trustee, Plaintiff,

v.

VISTA DEVELOPMENT, INC., Vista Development Inc. Profit Sharing Plan, and Arthur J. Eaton, Administrator/Trustee, Defendants.

Bankruptcy No. 95–33158.
Adversary No. 97–3242.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 28, 1998.

**866**

Patrick B. Hennessy, Minneapolis, MN, for defendants.

Edward W. Bergquist, Minneapolis, MN, for U.S. Trustee.

## ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding came on before the Court on January 28, 1998, for hearing on the Defendants' motion for dismissal and the Plaintiff's motion for leave to amend his complaint. The Defendants appeared by their attorney, Patrick B. Hennessy. The Plaintiff appeared on behalf of the bankruptcy estate. Upon the moving and responsive documents, the Court makes the following order.

### INTRODUCTION

The complaint in this adversary proceeding is styled under 11 U.S.C. § 548(a)(2). Through it, the Plaintiff seeks to avoid the pre-petition payment of a total of $31,417.97 made by the Debtor to the Defendants. The theory is that the payment was a constructively-fraudulent transfer—made on account of a debt owed by individual third parties, on which the Debtor was not contractually or legally liable, for which the Debtor thus received less than a reasonably-equivalent value, and after which the Debtor was left with unreasonably small business capital.

Citing FED.R.CIV.P. 12(b)(6), *as incorporated by* FED.R.BANKR.P. 7012(b), the Defendants elected to move for dismissal rather than to serve and file an answer. They

maintain that the Plaintiff's claim is time-barred by the applicable statute of limitations, 11 U.S.C. § 546(a)(1).

In response, the Plaintiff moved for leave to amend his complaint, to change his theory of suit to one sounding under 11 U.S.C. § 544(b) and MINN.STAT. § 513.45. He argues that suing for avoidance under the state-law theory will give him the advantage of the six-year statute of limitations under MINN.STAT. § 541.05.

## FINDINGS OF FACT

The relevant facts are procedural in origin. They are very simple:

1. On June 28, 1995, the Debtor filed a voluntary petition for reorganization under Chapter 11.

2. On September 27, 1995, the Debtor voluntarily converted its case to one for liquidation under Chapter 7.

3. On September 27, 1995, a trustee was appointed for the Debtor's Chapter 7 estate.[1]

4. The Original Trustee filed the complaint in this adversary on September 10, 1997.

## CONCLUSIONS OF LAW

1. The order for relief in the Debtor's bankruptcy case was entered by operation of law on June 28, 1995.

2. The appointment of the Original Trustee was "the appointment of the ... first trustee" within the meaning of 11 U.S.C. 546(a)(1)(B).

3. The cause of action pleaded against the Defendants under the original complaint is time-barred under 11 U.S.C. § 546(a)(1).

4. The Plaintiff is empowered to use state-law remedies such as MINN.STAT.

§ 513.45 only by operation of 11 U.S.C. § 544(a).

5. As a result, this adversary proceeding is a proceeding "under" 11 U.S.C. § 544 for the purposes of 11 U.S.C. § 546(a).

6. Under the same principles that bar his pending suit under 11 U.S.C. § 548, the Plaintiff is time-barred from bringing suit against the Defendants under 11 U.S.C. § 544(a) and the state law it incorporates.

7. Because the request for relief he would make via his proposed amendment is time-barred, the Plaintiff should not be granted leave to amend his complaint.

## DISCUSSION

■ Both of these motions are driven by a portion of 11 U.S.C. § 546(a).[2] This statute imposes limitations on a trustee's avoiding powers. The relevant language is:

An action or proceeding under section 544 ... [or] 548 ... of [the Bankruptcy Code] may not be commenced after ...

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under [U.S.C. § ] 702 ... if such appointment or such election occurs before the expiration of the period specified in subparagraph (A).... [3]

### The Defendants' Motion for Dismissal

The Debtor commenced its case as one for reorganization under Chapter 11, but converted it to one for liquidation. As a general rule,

[t]he *commencement* of a voluntary case under a chapter of [the Bankruptcy Code]

---

1. This person will be identified as "the Original Trustee." He resigned his status on November 21, 1997. The present named Plaintiff was appointed to succeed him on November 26, 1997.

2. In response to a rash of reported court decisions, § 546(a) was amended by § 216 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, 4126–4127 (1994). Because the Debtor commenced its case after October 22, 1994, the effective date of the Act, the new lan-

guage applies here. Pub.L. No. 103–394, §§ 702(a)–(b), 108 Stat. at 4150.

3. Section 546(a) actually fixes the deadline as "the earlier of" the alternate dates identified in §§ 546(a)(1)(A)–(B), and "the time the case is closed or dismissed." The Debtor's case remained open and pending from the Chapter 11 filing to the commencement of this adversary proceeding, so the statutory calculus was not further complicated by the overlay of § 546(a)(2).

constitutes an order for relief under such chapter.

11 U.S.C. § 301 (emphasis added). In turn, [c]onversion of a case from a case under one chapter of [the Bankruptcy Code] to a case under another chapter ... constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

■ The latter provision enunciates the general rule: in any converted case, the deemed "order for relief under" the chapter governing the post-conversion case is only a fictive authorization for the administration of the estate to proceed under that chapter. In itself, it does not restart, anew and generally, the various periods for administrative action that governed the case at its inception, under its original order for relief. Put another way, subject to the narrow range of exceptions in §§ 348(b)–(c), the date identified with the "order for relief" from the original filing carries forward into the converted case, and that date is to be affixed to the phrase "order for relief" whenever it is used in substantive or procedural provisions that govern the converted case. *In re Winom Tool and Die, Inc.*, 173 B.R. 613, 615–616 (Bankr.E.D.Mich.1994).[4]

In this case, the Debtor's voluntary filing under Chapter 11 on June 28, 1995, was deemed an order for relief. Subject to the provisions of §§ 348(b)–(c), the voluntary conversion to Chapter 7 on September 27, 1995, constituted an order for relief only in the sense of creating a legal platform for the liquidation of the estate. None of the trustee's avoiding powers under 11 U.S.C. §§ 544–545 and 547–551 are enumerated in §§ 348(b)–(c).

Thus, June 28, 1997, was the date "2 years after the entry of the order for relief" for the application of § 546(a)(1)(A) in the converted case. September 27, 1996 was the date "1 year after the appointment ... of the first trustee under [11 U.S.C. § ] 702."

The later of the two—and the last date on which the Original Trustee could timely file an adversary proceeding under 11 U.S.C. § 548—was June 28, 1997. He filed his complaint after that.

There is no way around it, then. The plain language of §§ 348 and 546, which this Court is obligated to apply,[5] time-bars the estate's claim under § 548 against the Defendants. They are entitled to dismissal of the Plaintiff's complaint, as originally drawn.

### The Plaintiff's Motion For Leave to Amend

At oral argument, the Plaintiff candidly acknowledged the state of the law just recited, and admitted "we're done" as to the estate's rights of action against the Defendants under § 548. Undaunted, he moved for leave to substitute a nearly-identical theory under Minnesota's enactment of the Uniform Fraudulent Transfer Act, at MINN.STAT. § 513.45. Noting that § 544(b) gives him the substantive remedies of transfer avoidance that unsecured creditors have under state law, he maintains that he also "gains the benefit of the state six-year statute of limitations" of MINN .STAT. § 541.05, subd. 1(6)[6] for

---

4. This observation goes only to the statute's reference to "the order for relief." In this Circuit, it can not be as broad for the other two terms, at least in one context. In *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), *cert. den.*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984), the court held that, notwithstanding the wording of 11 U.S.C. § 522(b)(2)(A) that allows debtors to claim exemptions under the state law that is applicable "on the date of the filing of the petition," debtors in a case converted from Chapter 13 to Chapter 7 may claim exemptions based on the facts and law as they stood on the date of the conversion. This result was justified on the "fresh start" goals of bankruptcy relief and a policy in favor of full exemption rights for debtors. 735 F.2d at 1090.

5. *Harmon v. United States*, 101 F.3d 574, 583 (8th Cir.1996) ("We interpret the [Bankruptcy] Code according to its plain meaning unless doing so would produce a result clearly contrary to the intent of its drafters.").

6. The Minnesota UFTA does not contain its own statute of limitations. Its remedies thus are subject to the general statutes of limitation. MINN. STAT. § 541.05, subd. 1 provides, in pertinent part:

any action in which he invokes those remedies. The argument, essentially, is that the Bankruptcy Code's authorization for the application of the state substantive law of fraudulent transfers in bankruptcy administration engrafts the same statute of limitations that would apply were an unsecured creditor to invoke that law outside of bankruptcy at the same time that the trustee does.

■ The argument, unfortunately, does not recognize the means by which the Code authorizes the application of substantive law to proceedings like this. A trustee in bankruptcy gains the power to sue through three ways.

The first is in his or her status as a successor to the debtor; 11 U.S.C. § 541(a)(1), which makes "all legal or equitable interests of the debtor and property as of the commencement of the case" property of the bankruptcy estate, transfers the debtor's nonexempt rights of action to the control of the trustee by operation of law. *In re B.J. McAdams, Inc.*, 66 F.3d 931, 935 (8th Cir. 1995); *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222, 1224 (8th Cir.1987), *cert. den.*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Carlock v. Pillsbury Co.*, 719 F.Supp. 791, 855 (D.Minn.1989); *In re Southern Kitchens, Inc.*, 216 B.R. 819, 831 n. 25 (Bankr.D.Minn.1998).

The second is by the vesting of substantive rights and powers that are created by the Bankruptcy Code, such as those under 11 U.S.C. §§ 547, 548, and 549. All of these provisions give a trustee the right to recover property or value. Some of them resemble remedies given to creditors under common law or nonbankruptcy statute. To meet certain goals of bankruptcy relief, Congress created like powers for the trustee, as the designated general representative of the debtor's creditors.

The third is by provisions that grant the trustee standing to use remedies that nonbankruptcy law gives to specified third parties. 11 U.S.C. § 544 is such a provision.[7]

■ Under the first status, the estate is subject to the same statute of limitations as the debtor was prepetition. *In re Schauer*, 835 F.2d 1222, 1225 (8th Cir.1987) (estate succeeds to only those rights in property that debtor had as of commencement of bankruptcy case, and is subject to all pre-existing limitations on those rights). For the second and third statuses, however, the Bankruptcy Code expressly places temporal limits on the trustee's right to sue, in § 546(a). That statute sets a specific deadline for all proceedings commenced "under" the provisions of the Code that create or confer avoiding powers, other than § 549(a).[8] A trustee's action applying state fraudulent transfer law is brought "under" § 544, because without the specific empowerment of the statute the trustee would lack standing. By its very terms, then, § 546(a) requires actions commenced with the empowerment of § 544 to be brought by its deadlines.[9]

■ The Plaintiff cannot have the benefit of any more extended period for commencement of suit that state law might have given one of the Debtor's unsecured creditors, going forward from the date the Debtor filed for Chapter 11.[10] Under the bankrupt-

---

... the following actions shall be commenced within six years:

...

(6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud...

**7.** 11 U.S.C. § 545(2) is another.

**8.** Section 549 has its own statute of limitations, at § 549(d).

**9.** An alternative rationale is available under the principles of statutory construction: the specific enactment of a statute of limitations under § 546 must prevail over any generalized incorporation of ancillary state law that would otherwise be deemed to have occurred by operation of § 544.

**10.** This conclusion is entirely consistent with the Supreme Court's recent holding in *Fidelity Financial Serv., Inc. v. Fink*, —— U.S. ——, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998), as well as *In re Wade*, 219 B.R. 815 (8th Cir. BAP 1998). In both of those decisions the courts ruled that the federal law of preferential transfers trumps the state law of perfection of liens and transfers, where the clear import of interrelated provisions in the Bankruptcy Code is to supplant the many versions of potentially-applicable state law with a uniform federal rule.

cy law that binds him in his statutorily-created role, his proposed state-law cause of action is just as time-barred as his one under § 548 is. Where a proposed amendment would serve only to put a time-barred cause of action into suit, a request for leave to do so should be denied. *Humphreys v. Roche Biomed. Laboratories, Inc.,* 990 F.2d 1078, 1082 (8th Cir.1993). *See also Weimer v. Amen,* 870 F.2d 1400, 1407 (8th Cir.1989); *Holloway v. Dobbs,* 715 F.2d 390, 392–393 (8th Cir.1983); *Ulrich v. City of Crosby,* 848 F.Supp. 861, 877 (D.Minn.1994); *Occhino v. Lannon,* 150 F.R.D. 613, 621–622 n. 8 (D.Minn.1993), *aff'd,* 19 F.3d 23 (8th Cir. 1994), *cert. den.,* 513 U.S. 840, 115 S.Ct. 125, 130 L.Ed.2d 69 (1995) (all holding that court may deny leave to amend where amended complaint would be subject to dismissal under Rule 12(b)). The Plaintiff, then, is not entitled to the relief he seeks.[11]

### ORDER

IT IS THEREFORE, ADJUDGED, AND DECREED:

1. The Plaintiff's pleaded cause of action against the Defendants for avoidance of transfers under 11 U.S.C. § 548(a) is time-barred by 11 U.S.C. § 546(a).

2. The Plaintiff's motion for leave to amend his complaint is denied.

3. This adversary proceeding is dismissed.

---

**11.** Today's ruling might be argued for more than it really addresses; thus, it is appropriate to identify one issue that this decision does *not* reach. Section 546(a) seems to function as a generalized statute of repose for trustees' proceedings, terminating the right to use specified remedies. *Cf. In re Heaper,* 214 B.R. 576, 581–582 (8th Cir. BAP 1997) (discussing the two different theories of statutes of limitations under Missouri law). Unlike most state statutes of repose, § 546(a) does not hinge that termination on the proximity of suit to the subject act or transfer; rather, it uses events within the bankruptcy case, which have no direct relation to the subject, as its starting points. This circumstance suggests the potential issue: just how far back before the commencement of the bankruptcy case do a trustee's avoiding powers under § 544 reach? Section 546 does not address this question on its face. The Issue, of course, could only arise in an avoidance action timely commenced under § 546(a). Whether the state statute of limitations cumulates with § 546(a) must be left for future determination, in another proceeding.