In re AMERICAN ENERGY
TRADING, INC.,
Debtor.

Erlene W. Krigel, Trustee, Plaintiff,

v.

Richard W. Noble, Esq., the Noble
Group, P.C., and American Ener-
gy Solutions, Inc., Defendants.

Bankruptcy No. 99–43507–JWV.
Adversary No. 02–04123–JWV.

United States Bankruptcy Court,
W.D. Missouri.

April 1, 2003.

Peter S. French, Indianapolis, IN, for Trustee/Plaintiff.

Kathleen K. Woods, Bruce E. Strauss, Kansas City, MO, for The Noble Group, P.C. and Richard W. Noble.

Joanne B. Stutz, Shawnee, KS, for American Energy Solutions, Inc.

## MEMORANDUM OPINION AND ORDER

JERRY W. VENTERS, Bankruptcy Judge.

The Court takes up for consideration at this time two Motions to Dismiss this Adversary Proceeding. The first was filed by Defendants Richard W. Noble ("Noble") and The Noble Group, P.C. ("Noble Group") and the other was filed by Defendant American Energy Solutions, Inc. ("Solutions")

After reviewing the relevant pleadings, the briefs and suggestions, and the applicable law, the Court will dismiss Counts I and II of the Trustee's Amended Complaint, which are based on alleged violations of Missouri's Uniform Fraudulent Transfer Act, because those claims were not brought within the two-year limitation of 11 U.S.C. § 546(a). Further, the Court will dismiss Counts III and IV of the Amended Complaint, which allege legal malpractice and breach of fiduciary duty by Noble, for the reason that the Court lacks subject matter jurisdiction over those claims.[1]

## FACTUAL BACKGROUND

American Energy Trading, Inc., the Debtor ("Debtor"), initiated these bankruptcy proceedings by filing a Chapter 11 petition on September 8, 1999. On July 14, 2000, the Court sustained the United States Trustee's Motion to Convert and ordered the case converted to one under Chapter 7 of the Bankruptcy Code.[2] Erlene Krigel was appointed as the Chapter 7 Trustee. The present Adversary Proceeding was filed on July 12, 2002.[3] The Trustee amended her complaint on October 24, 2002, before any responsive pleadings in the case were filed.[4] The Trustee's Amended Complaint seeks recovery from Noble for violations of Missouri's Uniform Fraudulent Transfer Act ("MUFTA")[5] in Count I, for negligence in providing legal services to the Debtor in Count III, and for breach of fiduciary duty in Count IV. It seeks recovery from Solutions for violations of MUFTA in Count II.

According to the Trustee's Amended Complaint, the Debtor engaged in two pre-petition transactions that resulted in the transfer of $463,096.28 of its assets to Noble and/or Solutions. On June 5, 1999, two judgments totaling $7,500,000 were entered against the Debtor in the United States District Court for the Southern District of Indiana. Less than two months later, on August 2, 1999, the Debtor transferred $323,096.28 to Noble, and on August 5, 1999, the Debtor made another transfer to Noble in the amount of $140,000. The Trustee alleges that Noble, in turn, transferred $250,000 of these funds to Solutions. The Trustee alleges that the Debtor was insolvent at the time of the transfers or became insolvent as a result of the transfers. The Trustee also contends that these transactions were made with the intent to defraud, hinder or delay the Debtor's creditors and the bankruptcy estate.

---

1. This Memorandum Opinion and Order constitutes the Court's Findings of Fact and Conclusions of Law as required by Federal Rule of Bankruptcy Procedure 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Title 11, United States Code.

3. Noble and Solutions are sometimes referred to collectively as the "Defendants."

4. A party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED.R. BANKR.P. 7015(a); FED.R.CIV.P. 15(a).

5. Mo. REV. STAT. §§ 428.005–428.059.

In Counts I and II, the Trustee seeks the return of these funds under Missouri law.

The remainder of the Trustee's Amended Complaint (Counts III and IV) arises out of Noble's legal representation of the Debtor and Gregory E. Elam and Patricia M. Elam (collectively, the "Elams") as defendants in the aforementioned lawsuit in the United States District Court for the Southern District of Indiana. The Trustee alleges that one of the plaintiffs in the Indiana lawsuit, American Energy Service Corp., offered to settle with the Elams for approximately $600,000 and to dismiss all claims asserted against the Debtor in exchange for mutual releases. On Noble's advice, the Debtor declined the settlement offer. After a three-week trial, two judgments were entered against the Debtor— one in the amount of $6,000,000 in favor of American Energy Service Corp. and the second in the amount of $1,500,000 in favor of another plaintiff, Power Applications, Inc.

In Count III, the Trustee asserts that Noble committed legal malpractice because he did not advise the Debtor that the settlement offer was favorable to it, nor did he advise the Debtor of an alleged conflict of interest that arose because of Noble's dual representation of the defendants in the settlement negotiations and because of his being a director and the beneficial owner of stock of the Debtor. The Trustee asserts that Noble should have advised the Debtor of his conflict of interest and that the settlement offer was favorable to it.

In Count IV, the Trustee alleges that Noble breached his fiduciary duty as an attorney and director of the Debtor by not revealing his conflict of interest. The Trustee further alleges that Noble violated his fiduciary duty to the Debtor by transferring assets from the Debtor to himself, his law firm, or Solutions.

Both Defendants have moved to dismiss this adversary proceeding pursuant to Rule 12(b)(6), FED.R.CIV.P., based on their assertion that all of the claims are time barred under 11 U.S.C. § 546(a). In addition, Noble requests relief pursuant to Rule 12(b)(1), FED.R.CIV.P., for lack of subject matter jurisdiction.

## DISCUSSION

### A. Were the Trustee's MUFTA claims in Counts I and II time-barred?

Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is applicable to adversary proceedings in bankruptcy by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, provides the means by which defendants may seek dismissal of an adversary proceeding on grounds that the plaintiff has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).[6] It is well established that Rule 12(b)(6) will be invoked to dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Schaller Telephone Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 740 (8th Cir.2002). When reviewing the adequacy of a complaint's allegations under Rule 12(b)(6), we must accept as true all of the complaint's

---

**6.** The Defendants' Motions to Dismiss contained several matters outside the pleadings. At a pre-trial conference held on January 28, 2003, the Court advised the parties that it would not treat the Motions to Dismiss as Motions for Summary Judgment under Rule 56, Fed.R.Civ.P. Accordingly, the Court is disregarding Solutions' counsel's affidavits and all other supplementary materials outside the pleadings. *See Mar–Kay Plastics, Inc. v. Reid Plastics, Inc. (In re Mar–Kay Plastics, Inc.)*, 234 B.R. 473, 478 (Bankr.W.D.Mo.1999).

factual allegations and view them in the light most favorable to the plaintiff. *Id.* An action is properly subject to dismissal for failure to state a claim when it appears from the face of the complaint itself that the limitation period has run. *Guy v. Swift and Company,* 612 F.2d 383, 385 (8th Cir.1980).

Solutions and Noble both maintain that the Trustee's claim for fraudulent conveyances is time barred by the applicable statute of limitations, 11 U.S.C. § 546(a)(1). That statute imposes limitations on a trustee's avoiding powers. Section 546(a) provides in relevant part:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (a); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a)(1) and (2).

The dates that are pertinent to these issues are:

June 5, 1999—District Court judgment is obtained in Indiana against the Debtor and the Elams.

August 5, 1999—Alleged fraudulent transfers to Noble and Solutions are completed.

September 8, 1999—The Debtor files the Chapter 11 case.

July 14, 2000—Bankruptcy case is converted from chapter 11 to chapter 7. Erlene Krigel is appointed Trustee.

July 12, 2002—Adversary Proceeding is filed by Krigel.

October 24, 2002—Amended Complaint is filed in Adversary Proceeding.

From this timeline, it seems clear that the Trustee's Amended Complaint is time barred, inasmuch as it was not filed on or before September 7, 2001, i.e., within two years of the Order for Relief entered on September 8, 1999. Applying the formula of § 546(a)(1), September 7, 2001, would be the later of the two dates prescribed and, thus, the deadline for the filing of the Trustee's Complaint. However, in her Amended Complaint,[7] the Trustee seeks to bring her claim within the four-year statute of limitations afforded her by §§ 428.024 or 428.029(1) of the Missouri statutes, in which case her complaint would be timely, because the statute of limitations would not expire until August 4, 2003 (assuming that the last transfer of assets occurred on August 5, 1999).[8]

This issue has been addressed within the last five years and decided adversely to the Trustee's position in two Eighth Circuit courts.

The first of these was *Bergquist v. Vista Development, Inc. (In re Quality Pontiac Buick GMC Truck, Inc.),* 222 B.R. 865 (Bankr.D.Minn.1998) ("Bergquist"). The *Bergquist* case is virtually on all fours with the instant case. There, the case was originally filed as a Chapter 11 and was converted to a Chapter 7. The Chapter 7 Trustee filed an adversary proceeding to

---

7. The Trustee did not allege a violation of MUFTA in her original complaint; she merely asserted her right to avoid fraudulent transfers under 11 U.S.C. § 544(b).

8. Section 546(a)(2) does not apply here because the case has not been closed or dismissed.

avoid an alleged fraudulent transfer, pursuant to 11 U.S.C. § 548. The Defendants moved to dismiss the Trustee's complaint, maintaining that it was time barred by the applicable statute of limitations in § 546(a)(1). Confronted with the obvious fact that the complaint had been filed outside the two-year limitation of § 546(a)(1), the Trustee moved to substitute a nearly identical theory under Minnesota fraudulent conveyance law, admittedly to take advantage of the more liberal six-year state law statute of limitations. The court rebuffed this effort, noting that § 546(a) sets a specific deadline for all proceedings commenced "under" the provisions of the Bankruptcy Code that create or confer avoiding powers, other than § 549(a). The bankruptcy court stated:

> "A trustee's action applying state fraudulent transfer law is brought 'under' § 544, because without the specific empowerment of the statute the trustee would lack standing. By its very terms, then, § 546(a) requires actions commenced with the empowerment of § 544 to be brought by its deadlines.
>
> The Plaintiff [Trustee] cannot have the benefit of any more extended period for commencement of suit that state law might have given one of the Debtor's unsecured creditors, going forward from the date the Debtor filed for Chapter 11."

*Bergquist,* 222 B.R. at 869.

Thus, the court held that the Trustee's complaint under § 548(a) was time-barred, and that the Trustee's request to amend his complaint should be denied because the state law cause of action was likewise barred.

Similarly, in *Lee v. National Home Centers, Inc. (In re Bodenstein),* 253 B.R. 46 (8th Cir. BAP 2000), the Bankruptcy Appellate Panel for the Eighth Circuit ap-plied the formula in § 546(a) to find that the Chapter 7 Trustee's avoidance action was time barred even though the Trustee only had three months after his appointment in which to file an avoidance action before the expiration of the statute of limitations. "The plain language of Section 546(a) makes it clear that the statute of limitations runs from the date the first trustee is appointed. Any subsequently appointed trustee is subject to the original statute of limitations and does not receive a new period within which to initiate avoidance actions." *Lee,* 253 B.R. at 50.

Although it was decided before § 546(a) was substantially amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 216 (1994), the case of *McCuskey v. Central Trailer Services, Ltd.,* 37 F.3d 1329 (8th Cir.1994), lends further support to this Court's finding that the Trustee's state fraudulent transfer claims are time barred in the instant case. The Eighth Circuit Court of Appeals decided that the statute of limitations began to run from the date of the Chapter 11 filing, and that a new limitations period did not begin to run anew upon the appointment of a Chapter 7 trustee following conversion. At the time of the Eighth Circuit's decision, there was a split among the courts over whether the appointment of a Chapter 7 trustee triggered a new, two-year limitations period, and the Eighth Circuit came down on the side of those courts holding that the trustee's appointment in a converted case did not start the limitations period anew. In the Bankruptcy Reform Act of 1994, § 546(a) was amended to resolve those conflicting interpretations and to make it clear that—as held by the Eighth Circuit—a newly appointed trustee did not gain the advantage of a new two-year statute of limitations. 5 COLLIER ON BANKRUPTCY ¶ 546.LH[1][a], p. 546–61–62

(15th ed. rev.2003).[9]

"If the state law limitations period governing a fraudulent transfer action has not expired at the commencement of a bankruptcy case, the trustee may bring the action pursuant to section 544(b), *provided that it is commenced within the section 546(a) limitations period.*" 5 COLLIER ON BANKRUPTCY, ¶ 546.02[1][b], p. 546-10 (emphasis added). In the instant case, it is clear that the Trustee's action was filed well beyond the expiration of the two-year limitations period of § 546(a); the two-year limitations period expired on September 7, 2001, and her complaint was not filed until July 12, 2002.

The Trustee relies on the holding in *Campbell v. Carroll Industries, Inc. (In re Carroll Industries, Inc.)*, 153 B.R. 100 (Bankr.D.N.H.1993), as authority for her position that she had until July 14, 2002, to file an action. In *Carroll*, the court held that a new two-year statute of limitations began when, as in this case, a Chapter 7 trustee was appointed after conversion of the case from Chapter 11. The decision in *Carroll* is of no benefit to the Trustee. Like *McCuskey*, it was decided prior to the amendment of § 546(a) in 1994. More importantly, *Carroll* followed the line of cases rejected by the Eighth Circuit in *McCuskey* and by Congress when it amended the statute, as discussed above.

The Trustee further asserts that, since the Debtor commenced its case under Chapter 11 but converted it to one of liquidation, § 348(a) applies and a new order for relief was entered on July 14, 2000. Section 348(a) states in relevant part:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, *except* as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a)(emphasis added).

The Trustee's reading of the statutory authority is inaccurate. The language clearly states that only if an exception is found in subsections (b) and (c) does the conversion of a case effect a change in the date of the order for relief. Nothing in subsections (b) and (c) applies in this case to effect such a change. To the contrary, the explicit language of § 348(a) makes it clear that the conversion of the case to Chapter 7 did *not* change the date of the order for relief, namely September 8, 1999, and thus the commencement of the two-year statute of limitations found in § 546(a)(1).[10]

---

9. The legislative history of the amendment in 1994 addresses the confusion among the courts. Senator Hatch at the time of the amendment pointed out that there was a "need to provide a period of time for a later appointed bankruptcy estate representative to investigate and institute actions." 140 Cong. Rec. S14465 (Oct. 6, 1994)(statement of Sen. Hatch). Congress intended § 546(a)(1)(B) to serve as the additional time needed when a case is converted after filing a Chapter 11 petition. Subsection (a)(1)(B) does not aid the Trustee here. It would, in fact, shorten the time for the Trustee to file her complaint.

10. The Trustee asserts in a footnote that 11 U.S.C. § 108 further extends the Debtor's time period to bring one-year MUTFA claims. Both Defendants—in response—correctly point out that while § 108 does provide special time limitations for a trustee, those special provisions are not available to the Trustee in this case. The Trustee brings her claims pursuant to § 544, which is governed by the § 546(a) statute of limitations, not by § 108. *See Telesphere Liquidating Trust v. Galesi*, 246 B.R. 315, 324-25 (N.D.Ill.2000); *In re Revco D.S., Inc.*, 118 B.R. 468 (Bankr.N.D.Ohio 1990)(courts have construed § 108 to be inapplicable to actions brought under § 544).

In summary, applying the plain language of § 546(a)(1), the Trustee had the later of (A) two years after the entry of the Chapter 11 order for relief, or (B) one year after her appointment to bring the fraudulent transfer actions against Noble and Solutions. 11 U.S.C. § 546(a)(1)(A) and (B). In this case, applying § 546(a)(1)(A), the Court finds that the statute of limitations expired on September 7, 2001, which is later than the time allowed under subsection (B), namely July 14, 2001. The Trustee filed this Adversary Proceeding on July 12, 2002, well after September 7, 2001. It is clear that the Trustee erred in her calculation of the time to bring the claims for fraudulent transfers.[11] As illustrated above, even though the Trustee's allegations are brought as fraudulent transfers under the Missouri statutes, they are nevertheless brought under the authority conferred on her by § 544(b). Because the Trustee's original complaint was not brought before September 7, 2001, the Court finds that the Trustee is time barred from bringing the claims in Counts I and II in her Amended Complaint, and those claims will be dismissed.[12]

Solutions requests that the Court award it attorney's fees and costs incurred in litigating this matter. As a general rule, bankruptcy courts do not award attorney's fees without authority in statute or contract. *Seimer v. Nangle (In re Nangle)*, 281 B.R. 654, 658–659 (8th Cir. BAP 2002). While there are two exceptions to the American Rule, neither is relevant here. Solutions does not cite any authority to support the claim that it is entitled to fees and costs and the Court does not find any other independent basis for the award. Therefore, the Court will deny Solutions' request for attorney's fees and costs.

## B. Does the Court have subject matter jurisdiction over the remaining claims against the Noble Defendants?

Federal Rule of Civil Procedure 12(b)(1), which is applicable to adversary proceedings by virtue of Federal Rule of Bankruptcy Procedure 7012(b), provides the means by which a party may seek dismissal of an adversary proceeding on grounds that the bankruptcy court lacks subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). The plaintiff has the burden to show that the Court has subject matter jurisdiction over the proceeding. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990); *Bayview Plaza Associates Limited Partnership v. Town of North East, Maryland (In re Bayview Plaza Associates Limited Partnership)*, 209 B.R. 840, 841–42 (Bankr. D.Del.1997). "The Court's inquiry is limited to determining whether the challenged pleadings set forth allegations sufficient to show the Court that it has subject matter jurisdiction over the matter." *Id.*

Noble's Motion to Dismiss asserts Rule 12(b)(1) as grounds for dismissal in its introductory paragraph, but Noble made no arguments thereafter in any of his pleadings to bolster that defense. However, since Noble has raised the issue—at least superficially—the Court believes that it is appropriate to address it. Even if the defense was not properly raised by Noble, the Court always has a duty and responsibility to raise the issue of its own jurisdiction when necessary.

---

11. Equitable tolling is a defense to a trustee's failure to file a timely action but the Trustee has not alleged any facts to suggest that this defense was available to her.

12. The Court will not address Solutions' remaining arguments as they are rendered moot by this ruling.

"Courts are obligated to examine their own jurisdiction and subject matter jurisdiction may be raised at any time, by a party or the court, *sua sponte.*" *May v. Missouri Dep't of Revenue* (*In re May*), 251 B.R. 714, 719 (8th Cir. BAP 2000).

Pursuant to 28 U.S.C. § 1334(b),[13] district courts have jurisdiction over all cases arising under Title 11, all proceedings arising under Title 11, and all proceedings arising in or related to cases under Title 11. The District Court for the Western District of Missouri has provided for an automatic reference to the bankruptcy judges of all civil proceedings arising under title 11 or arising in or related to cases under Title 11, as provided for in 28 U.S.C. § 157;[14] therefore, this Court has jurisdiction to hear any case that arises under Title 11 or arises in or is related to a case under Title 11. *See Bannister Bank & Trust v. City Mgmt. Co.* (*In re AmerEco Environmental Servs., Inc.*), 138 B.R. 590, 592–93 (Bankr.W.D.Mo.1992).

The Eighth Circuit has explained this jurisdictional scheme in several cases, stating that there are two types of adversary proceedings over which the bankruptcy court has jurisdiction: (1) core proceedings and (2) non-core, related proceedings. *Abramowitz v. Palmer,* 999 F.2d 1274, 1277–78 (8th Cir.1993). Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773–74 (8th Cir.1995) (citations omitted). Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy case, although they may be related to a bankruptcy case. *Id.*

In the present case, the Trustee alleges in her Amended Complaint that the adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(H) (proceeding to

---

**13.** Section 1334(b) of title 28 provides:
> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b).

**14.** Section 157 of title 28 provides in relevant part:
> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157. A non-exclusive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2). According to section 157(c)(1) of title 28:
> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). Section 157(c)(2) of title 28 provides that:
> Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c)(2).

determine, avoid or recover conveyances). Since the Court has dismissed Counts I and II, there is no basis for this jurisdiction because Counts III and IV are not claims to determine, avoid or recover conveyances—they are state law tort claims arising from pre-petition conduct. The Court finds that these remaining Counts are non-core matters; therefore, the Court must determine whether the proceeding is a "related to" proceeding.

The test for determining whether a matter is "related to" bankruptcy, as established by the Third Circuit in *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984), and adopted by the Eighth Circuit in *National City Bank v. Coopers & Lybrand,* 802 F.2d 990 (8th Cir.1986), is "whether the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." The court in *Pacor* elaborated on this test, stating: "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Further, the court cautioned that "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]. Judicial economy does not justify federal jurisdiction." *Id.*

Applying this test to the facts set forth in Counts III and IV of the Trustee's Amended Complaint, the Court finds that the litigation advanced against Noble is purely a state law tort claim for legal malpractice and breach of fiduciary duty. The Trustee alleges that the malpractice occurred during Noble's legal representation of the Debtor prior to the filing of bankruptcy, specifically in connection with the lawsuit filed against the Debtor in the federal court in Indiana. Although the Trustee claims that but for the malpractice there would have been no judgment entered against the Debtor and thus, no bankruptcy filing, this Court does not find such a tenuous connection a sufficient nexus to the bankruptcy case to give this Court jurisdiction over the Trustee's claims. The outcome of the litigation against Noble will not impact the administration of the bankruptcy estate. It would merely give the Trustee an opportunity, if successful in the litigation, to collect a judgment against Noble which, if paid, would then be used to pay the creditors of the estate. A potential judgment against Noble would not alter the course of the Debtor's bankruptcy case. *See Fitzgeralds Sugar Creek, Inc. v. Kansas City Station Corp. and Station Casinos, Inc. (In re Fitzgeralds Gaming Corporation and Fitzgeralds Inc.),* 261 B.R. 1, 6–7 (Bankr.W.D.Mo.2001). The Court finds that the malpractice litigation contemplated by the Trustee is not "related to" the bankruptcy case. A bankruptcy court has no subject matter jurisdiction over unrelated proceedings. *Id.* Therefore, we find that the Court lacks subject matter jurisdiction and will dismiss Counts III and IV of the Amended Complaint.

The Court will not address Noble's remaining arguments pursuant to Rule 12(b)(6) as they are rendered moot by the foregoing ruling.

Therefore, it is

**ORDERED** that Defendant American Energy Solutions, Inc.'s Motion to Dismiss Count II of the Trustee's Amended Complaint pursuant to Rule 12(b)(6), be and is hereby GRANTED. It is

**FURTHER ORDERED** that the request for attorney's fees and costs filed by

Defendant American Energy Solutions, Inc. be and is hereby DENIED. It is

**FURTHER ORDERED** that Defendants Richard W. Noble and The Noble Group, P.C.'s Motion to Dismiss Count I of the Trustee's Amended Complaint pursuant to Rule 12(b)(6) and Counts III and IV of the Trustee's Amended Complaint pursuant to Rule 12(b)(1), be and is hereby GRANTED. It is

**FURTHER ORDERED** that the Trustee's Amended Complaint be and is hereby DISMISSED.