In re ALLIED DIGITAL TECHNOL-
OGIES CORPORATION, et al.,
Debtors.

Jeoffrey L. Burtch, Chapter
7 Trustee, Plaintiff,

v.

Georgia–Pacific Corporation,
Defendant.

Jeoffrey L. Burtch, Chapter
7 Trustee, Plaintiff,

v.

Unisource Worldwide Inc., Defendant.

Bankruptcy Nos. 00–4020 (CGC)
to 00–4024(CGC).
Adversary Nos. 03–53764–
CGC, 03–53880–CGC.

United States Bankruptcy Court,
D. Delaware.

Oct. 31, 2003.

Robert W. Pedigo, Adam Singer, Cooch and Taylor, Wilmington, DE, for Jeoffrey L. Burtch, Trustee.

David M. Fournier, Aaron A. Garber, Pepper Hamilton LLP, Wilmington, DE, and Michael H. Traison, Donald J. Hutchinson, José Bartolomei, Miller, Canfield, Paddock and Stone, P.L.C., Detroit, MI, for George–Pacific Corporation and Unisource Worldwide, Inc.

## *OPINION*

CHARLES G. CASE, II, Bankruptcy Judge.

### *FACTS*

Before the Court are two Motions to Dismiss filed by Georgia–Pacific Corporation and Unisource Worldwide, Inc. ("the Defendants") seeking dismissal of the Successor Interim Trustee's preference complaints as time barred by section 546(a) of the Bankruptcy Code.

On October 25, 2000, Allied Digital Technologies Corporation, et al. ("the Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On May 21, 2002, Debtor filed a Motion to Convert, and on July 25, 2002, the Court entered the Order approving the conversion to cases under Chapter 7.

The first interim trustee, Michael B. Joseph, was appointed on approximately July 10, 2002 ("the Interim Trustee"). On July 25, 2002, Jeoffrey L. Burtch was appointed as successor interim trustee ("the Successor Interim Trustee"). The 341(a) meeting of Creditors was held and concluded on March 5, 2003. A trustee was not elected at the 341(a) Meeting of Creditors. The Successor Interim Trustee filed the avoidance actions on June 6, 2003. The Defendants filed their Motions to Dismiss on July 7, 2003. To date, a Summons has not been issued, and the complaint has not been served.

### *DISCUSSION*

#### *A. Standard of Review*

In deciding whether to grant a Rule 12(b)(6) motion to dismiss, a court should primarily consider the items appearing in the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n. 2 (3d Cir.1994) (citations omitted); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The court must also accept as true the facts alleged in the complaint, together with all reasonable inferences that can be drawn therefrom, and construe them in the light most favorable to the plaintiff. *See Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990). "An action is properly subject to dismissal for failure to state a claim when it appears from the face of the complaint itself that the limitation period has run." *In re American Energy Trading, Inc.,* 291 B.R. 159, 163 (Bankr.W.D.Mo.2003).

## B. 11 U.S.C. Section 546(a)

As a result of conflicting interpretations by various circuits, section 546(a) was amended in 1994. *See Lindquist v. FMB–First Michigan Bank (In re Dryland Marina, Inc.),* 180 B.R. 487, 490 (Bankr. W.D.Mich.1995); *Schwartz v. Kursman (In re Harry Levin, Inc.),* 175 B.R. 560, 578 (Bankr.E.D.Pa.1994). Revised section 546(a) of the Bankruptcy Code states:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

▮ The term "order for relief" in section 546(a)(1)(A) refers to the initial filing date, and not to the date of conversion. *See Smith v. Kennedy,* 235 F.3d 472 (9th Cir.2000) ("conversion does not reset the date of the order for relief"). The Debtors filed their petition on October 25, 2000 ("the Order of Relief"). In accordance with section 546(a)(1)(A), the period of two years expired on October 25, 2002.[1]

The first Interim Trustee was appointed approximately July 10, 2002, which was before the expiration of the initial limitation period. Therefore, the alternate period set forth in section 546(a)(1)(B) (one year after the appointment of the first trustee, or July 10, 2003) is the later of the two dates and the significant one. Since the Successor Interim Trustee filed the complaints on June 6, 2003, approximately one month before the expiration of the statute of limitations, it appears that the complaints were timely.

The Defendants, however, argue that since the Interim Trustee was appointed under section 701, a section not enumerated in section 546(a)(1)(B), the additional one year is unavailable. Consequently, the Defendants argue that the adversary proceedings were untimely, as they were filed eight months after the expiration of the section 546(a)(1)(A) statute of limitations on October 25, 2002. The Trustee argues that the Defendants' proposed literal interpretation of section 546 produced results that are inconsistent and contrary to the legislative intent.

▮ Therefore, the issue presented is whether the appointment of an interim trustee, prior to the expiration of the two year period set forth in section 546(a), is sufficient to provide that trustee with an additional one year period of time under section 546(a)(1)(B), where there was no election of a trustee at the subsequent meeting of creditors.[2]

---

1. Conversion of the cases to cases under chapter 7 did not change the date of order for relief for purposes of deciding when the two year statute of limitations under section 546(a) began to run. *American Energy Trading Inc.,* 291 B.R. 159, 165 (Bankr.W.D.Mo. 2003). *See also San Joaquin Roast Beef v. Union Bank,* 7 F.3d 1413 (9th Cir.1993) (declined to follow courts that have found that the statute of limitations begins again after the conversion of one case to another and the appointment of a new trustee).

2. The case that is not presented here and remains open to interpretation is whether a new one year period is barred if the election occurs outside the initial two years but an interim trustee was appointed within the two years.

It appears that the Congress' intent in the revised section 546(a)(1)(B) was to give an interim trustee additional time to investigate and pursue avoidance causes of action, even though section 701 was not expressly included in section 546(a)(1)(B). Section 701 provides for the appointment of an interim trustee in a chapter 7 case. Section 702(d) states that "[i]f an interim trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). Section 702(d) ratifies the appointment of the trustee done under 701, and as a result, a section 701 trustee becomes a section 702 trustee via section 702(d). In *Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1033 (9th Cir.1999), the court, addressing an issue under pre–1994 section 546, concluded that the most logical interpretation of revised section 546 is that the limitation period begins to run when the interim trustee is appointed under section 701 for purposes of section 546(a), regardless of the fact that section 546(a) specifically refers to a section 702 trustee.

Section 702(d) states that an interim trustee "shall serve" as the permanent trustee if there is no subsequent election, reinforcing that there is no practical difference between the powers of an interim trustee and those of the permanent trustee. Section 701(c) also grants the interim trustee full authority to act as the trustee in the case, pending the meeting of the creditors. "[A]n interim trustee appointed under section 701 is the 'functional equivalent' of a permanent trustee elected under section 702. This is so because the Bankruptcy Code does not require the permanent trustee to do anything different than that which he had already been doing as the interim trustee." *Parmetex*, 199 F.3d at 1033. Although section 701 is not expressly included in section 546(a)(1)(B), the Court concludes that Congress intended to grant an additional one year to an Interim Trustee because to read the statute otherwise leads to absurd or futile results inconsistent with the overall structure of the statutory scheme. *See First Merchants Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394 (3d Cir.1999); *Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3rd Cir. 1993).

Although section 702 does not refer to section 701, it states that "appointment or election of the first trustee" must occur within two years of the entry of the Order of Relief. 11 U.S.C. § 701. Appointment and election procedures are virtually identical, and as a practical matter, section 702 trustee elections are extraordinarily rare. In addition, "although section 546(a) does refer to section 702 and not section 701, section 546(a) does specifically refer to the 'appointment' of trustees under certain sections of Chapters 7, 11, and 13.... Section 701 is the only part of Chapter 7 that discusses the 'appointment' of Chapter 7 trustees." *Parmetex*, 199 F.3d at 1033.

The Court should look to other sections cited in section 546(a)(1)(B) for assistance in determining whether the drafters intended to include section 701. Section 1104 contains appointment and election language in the same section whereas under Chapter 7, while the two concepts are separated into two sections, sections 701 and 702. The other sections mentioned in section 546(a)(1)(B) are not informative: section 1163 does not have an election component and sections 1202 and 1303 provide for a standing trustee scheme.

The Trustee argues that both the Interim Trustee and the Successor Interim Trustee should be granted an additional year after their respective appointment. Since the Successor Interim Trustee was appointed on July 25, 2002 and one year

after his appointment date is approximately July 25, 2003, the Successor Interim Trustee's complaints, filed on June 6, 2003, were timely. Thus, even if the analysis is done from the appointment date of the Successor Interim Trustee, the result remains the same, as both Interim Trustee and the Successor Interim Trustee filed the Complaints timely.

Revised section 546(a)(1)(B), however, states that an additional year is granted after the "appointment or election of the *first trustee*," suggesting there is a continuous appointment of the first interim trustee. 11 U.S.C. § 546(a)(1)(B) (emphasis added). "The added 'first trustee' language suggests that the statute of limitations should be applied to the interim trustee because the interim trustee is the 'first trustee.'" *Parmetex*, 199 F.3d at 1034. In *Lindquist v. FMB–First Michigan Bank*, the Court noted that:

> [i]n light of the fact that section 546(a)(1) was amended against a backdrop of inconsistent case law and that Congress chose to underscore the importance of a statute of limitations rather than the various roles of trustees under different chapters, this Court believes that the 1994 amendment was intended to clarify, not change, the interpretation that the two year statute of limitations continues to run from the appointment of the first trustee, regardless of subsequent conversions or appointments of new trustees.

*Lindquist v. FMB–First Michigan Bank (In re Dryland Marina, Inc.)*, 180 B.R. 487, 490 (Bankr.W.D.Mich.1995).[3]

The date of legal significance is the date on which the first Interim Trustee was appointed under section 701, not the date on which the meeting of creditors took place or the date of appointment of the Successor Interim Trustee. *Compare Parmetex*, 199 F.3d at 1033 (most logical interpretation of section 546(a), consistent with this court's prior decisions, is that the statute of limitations period begins to run when the interim trustee is appointed under section 701) *with General Electric Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.)*, 185 B.R. 801, 805–805 (9th Cir. BAP 1995) ("section 546(a)(1) begins running only on the date of the section 341 meeting"). Thus, the significant date is July 10, 2002, the date on which the first Interim Trustee was appointed. Because the appointment of the first Interim Trustee occurred within two years of the entry of the Order for Relief (October 25, 2002), section 546(a)(1)(B), which provides for an additional one year, was triggered.

Furthermore, unlike a debtor-in-possession and a subsequently appointed trustee, the motivations of the Interim Trustee and the Successor Interim Trustee are similar. *See Superior Toy & Mfg. Co., Inc. v. Helmsley–Spear*, 175 B.R. 693, 697 (Bankr. N.D.Ill.1994) (citations omitted) ("while a debtor in possession is the functional equivalent of a trustee for certain matters, motivations of the two vary significantly"). A chapter 7 trustee's primary role is the prompt liquidation and distribution of all assets of the estate. 11 U.S.C. § 704(1); *see also In re Levin*, 175 B.R. at 576.

**3.** *See also In re American Energy Trading, Inc.*, 291 B.R. 159, 165 (Bankr.W.D.Mo.2003) (pre–1994 Amendment, "any subsequently appointed trustee is subject to the original statute of limitations and does not received a new period within which to initiate avoidance actions"); *In re Levin*, 175 B.R. 560, 573 (Bankr.E.D.Pa.1994) ("it is generally recognized that the appointment of a successor trustee in the same bankruptcy chapter does not result in the commencement of a new limitations period under section 546(a)[pre–1994 Amendment]"); *In re Joaquin Roast Beef*, 7 F.3d 1413, 1416 (9th Cir.1993) ("the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two year statute of limitations").

The Court therefore denies the Defendants' Motion to Dismiss and holds that the appointment of an Interim Trustee before the expiration of the two year period is sufficient to provide that first trustee with an additional one year period of time to commence the avoidance actions.

### ORDER

For the reasons stated in the Opinion of this same date, Defendants' Motion to Dismiss is DENIED.