# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 00-6055 WA

---

In re:

Ronald Bodenstein and
Barbara Bodenstein,

    Debtors.

John T. Lee, Trustee,

    Plaintiff-Appellant,

      v.

National Home Centers, Inc.,

    Defendant-Appellee.

Appeal from the United States
Bankruptcy Court for the
Western District of Arkansas

---

Submitted: August 10, 2000
Filed: September 25, 2000

---

Before KOGER, Chief Judge, KRESSEL and SCHERMER, Bankruptcy Judges

---

SCHERMER, Bankruptcy Judge

Trustee John T. Lee ("Chapter 7 Trustee") appeals the bankruptcy court[1] order granting summary judgment in favor of Defendant National Home Centers, Inc. ("Defendant") in connection with the Chapter 7 Trustee's avoidance action. In his complaint, the Chapter 7 Trustee seeks to avoid as preferential pursuant to 11 U.S.C. § 547 certain mortgages granted by debtors Ronald Bodenstein and Barbara Bodenstein ("Debtors") to the Defendant. The bankruptcy court dismissed the complaint as untimely. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

ISSUE

The issue on appeal is whether the Chapter 7 Trustee's complaint to avoid preferential transfers to the Defendant is time barred by the statute of limitations set forth in 11 U.S.C. § 546(a) where the adversary proceeding was initiated more than two years after the commencement of the bankruptcy case, which was filed under Chapter 13 and later converted to Chapter 7, or whether the statute of limitations was equitably tolled during the pendency of the Debtors' Chapter 13 case. We conclude that the statute of limitations was not equitably tolled during the pendency of the Debtors' Chapter 13 case and the adversary proceeding is time barred by 11 U.S.C. § 546(a).

BACKGROUND

On November 21, 1996, the Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the Western District of Arkansas. Shortly before filing their bankruptcy petition, the Debtors executed several mortgages in favor of the Defendant encumbering various parcels of real estate.

In the Statement of Financial Affairs filed by the Debtors in connection with their Chapter 13 petition, in response to the request to disclose all payments aggregating more than $600 to any creditor made within ninety days immediately preceding the filing of the bankruptcy petition, the Debtors inserted the following language: "Numerous payments fitting this category have been made, and due to their volume they are not available at filing[.] As Debtor intends to pay all creditors in full, it is expected that avoidance

---

[1]The Honorable Robert F. Fussell, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

of preferences will not be an issue in this case." In response to a request to disclose property repossessed, foreclosed, transferred in lieu of foreclosure, or returned within one year immediately preceding the commencement of the case, the Debtors disclosed that "NHC . . . ha[s] picked up certain property and ha[s] reduced [its] debt by that amount" and that "Other returns have been made to NHC and are simply too numerous to prepare before filing as Debtor has done $400,000 in business with them over the last year." In response to a request to disclose all assignments of property for the benefit of creditors within 120 days preceding the bankruptcy filing, the Debtors disclosed that "National Home Center has been assigned $200,000 in mortgages on a debt of 190,000, which was to have satisfied their claim" and identified the terms of the assignment as "to be paid upon sale of houses."

David D. Coop served as trustee in the Debtor's Chapter 13 case. As a result of his prior appointment as standing Chapter 13 Trustee in the Eastern and Western Districts of Arkansas, Mr. Coop's (hereinafter "Chapter 13 Trustee") appointment as Chapter 13 Trustee in the Debtors' case became effective on November 21, 1996, the date the Debtors' Chapter 13 petition was filed.

The Debtors owned numerous parcels of real estate. They intended to sell the properties and to use the sale proceeds to pay their creditors. During the course of the Chapter 13 case, the Debtors filed a series of plans before ultimately confirming a plan. One version of the Debtors' plan contained a provision that all mortgages which may potentially be avoided as preferential shall not be paid at closing and instead the funds shall be paid to the Chapter 13 Trustee pending an adjudication of the potential preferences.[2] Six later versions of the Debtors' plan, including the plan which was ultimately confirmed, each indicate that all creditors will be paid in full and therefore no preference actions can be brought.[3]

---

[2]The Debtors' plan dated February 18, 1997, contains the following language:

All mortgages after 8/21/96 that are not for value given at time of mortgage for antecedent debts shall not be paid at closing of sale, but shall be paid into the Chapter 13 Trustee pending adjudication of preference issues.

[3]Each of the Debtors' plans dated July 10, 1997, September 5, 1997, November 24, 1997, January 30, 1997, March 13, 1997, and March 26, 1997, contains either the following or virtually identical language:

NOTE THAT DUE TO 11 U.S.C. 547(b)(5), AND THE FACT THAT THERE ARE SUFFICIENT ASSETS TO PAY ALL CREDITORS 100% (WHICH IS AS MUCH OR

3

Three later versions of the Debtors' plan, including the confirmed plan, contain additional language that expressly states that in the event all creditors are not paid in full by a certain date, all available causes of action including preference avoidance actions shall be available to any party in interest who has legal standing to pursue such causes of action.[4]

During the course of Chapter 13 case, the Debtors obtained authority from the bankruptcy court to sell various parcels of real estate. The sale proceeds from the properties encumbered by mortgages in favor of the Defendant were held by the Chapter 13 Trustee pending a determination as to whether the Defendant's mortgages were valid. Ultimately, the bankruptcy court entered three consent judgments relating to the sales of three separate properties in which the Defendant asserted a security interest. Each judgment provided for the payment of the Defendant's mortgage on the respective property from the respective sale proceeds and contained the following finding of fact: "That pursuant to 11 U.S.C. § 547(b)(5)(A), there are no preference issues to litigate because no creditor should receive less than full payment on allowed claims."[5]

The Chapter 13 Trustee did not file any preference actions against the Defendant. By order dated August 25, 1998, the Debtors' case was converted from Chapter 13 of the Bankruptcy Code to Chapter

---

MORE THAN THEY WOULD BE PAID IN A CHAPTER 7 CASE), NO PREFERENCES CAN BE AVOIDED IN THIS CASE, AND ALL PREPETITION MORTGAGES WILL BE HONORED AND PAID AT FUTURE CLOSINGS.

The March 26, 1998, plan was ultimately confirmed.

[4]The Debtors plans dated January 30, 1998, March 13, 1998, and March 26, 1998, each contain the following language:

IN THE EVENT THAT ALL CREDITORS ARE NOT PAID 100% OUT OF THE PROPERTIES SOLD BY 4/1/98, ALL AVAILABLE CAUSES OF ACTION UNDER THE BANKRUPTCY CODE OR CASE LAW INCLUDING BUT NOT LIMITED TO PREFERENCE AVOIDANCE ACTIONS SHALL BE AVAILABLE TO ANY PARTY IN INTEREST WHO HAS LEGAL STANDING TO PURSUE SUCH CAUSES OF ACTION.

[5]Each of these orders is dated August 28, 1997, and relates to the distribution of proceeds of sales previously authorized by the bankruptcy court.

7. The Chapter 7 Trustee was appointed as interim trustee for the Debtors' converted Chapter 7 case on August 25, 1998. On February 12, 1999, the Chapter 7 Trustee initiated this adversary proceeding by filing his complaint to avoid preferential transfers to the Defendant.

## STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment de novo. Clark v. Kellogg Co., 205 F.3d 1079, 1082 (8th Cir. 2000); First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). Summary judgment in favor of the Defendant is appropriate where there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law. Clark, 205 F. 3d at 1082; Hogge, 161 F. 3d at 510.

## DISCUSSION

Pursuant to Section 547 of the Bankruptcy Code, a trustee can avoid certain preferential transfers made by a debtor to a creditor prior to the filing of the debtor's bankruptcy petition. Pursuant to Section 546(a) of the Bankruptcy Code, an avoidance action under Section 547 may not be commenced until after the earlier of

    (1)    the later of –

        (A)    2 years after the entry of the order for relief; or

        (B)    1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

    (2)    the time the case is closed or dismissed.

11 U.S.C. §546(a).

In order to determine if the Chapter 7 Trustee initiated the adversary proceeding against the Defendant in a timely manner, we apply the formula set forth in Section 546(a) of the Bankruptcy Code to the facts at hand. The Debtors filed their petition on November 21, 1996 and the order for relief was

entered that same day. In accordance with Section 547(a)(1)(A), the period of two years after the entry of the order for relief expired on November 21, 1998. The first trustee in this case, the Chapter 13 Trustee, was appointed on the petition date; therefore the alternate period enumerated in Section 547(a)(1)(B) of one year after the appointment of the first trustee expired on November 21, 1997. The later of these two dates is November 21, 1998. Accordingly, the time to initiate an avoidance action pursuant to Section 547 expired on November 21, 1998.

The Chapter 7 Trustee did not initiate this adversary proceeding against the Defendant until February 12, 1999, after the limitations period expired. Therefore the Chapter 7 Trustee's complaint is time barred.[6]

Notwithstanding the foregoing, the Chapter 7 Trustee asserts that the statute of limitations set forth in Section 546(a) of the Bankruptcy Code was equitably tolled during the pendency of the Debtor's Chapter 13 proceeding. Equitable tolling prevents the limitations period of Section 546(a) from expiring when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action because the trustee is unaware of the cause of action as a result of fraud or because of extraordinary circumstances beyond the trustee's control which make it impossible to file the action within the limitations period. Jobin v. Boryla (In re M & L Business Machine Company, Inc.), 75 F. 3d 586, 591 (10th Cir. 1996); Ernst & Young v. Matsumoto (In re United Insurance Management Inc.), 14 F. 3d 1380, 1385 (9th Cir. 1994); see also Holmberg v. Ambrecht, 327 U.S. 392, 397 (1946)("This equitable doctrine [of tolling] is read into every federal statute of limitation."). The key to when the limitations period begins is the time when the plaintiff has reasonable notice of the cause of action. One who fails to act diligently cannot evoke equitable principles to excuse a lack of diligence. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); United Insurance Management, 14 F. 3d at 1386.

The bankruptcy court properly concluded that no fraud or other extraordinary circumstances existed which would cause the statute of limitations to be equitably tolled. Lee v. National Home Centers, Inc. ( In re Bodenstein), 248 B.R. 808, 816-19 (Bankr. W.D. Ark. 2000). The Debtors clearly did not

---

[6]The plain language of Section 546(a) makes it clear that the statute of limitations runs from the date the first trustee is appointed. Any subsequently appointed trustee is subject to the original statute of limitations and does not receive a new period within which to initiate avoidance actions. McCusky v. Central Trailer Services, Ltd., 37 F. 3d 1329, 1332 (8th Cir. 1994)(citing Ford v. Union Bank (In re San Joaquin Roast Beef), 7 F.3d 1413, 1416 (9th Cir. 1993)).

conceal the potential preferential transfers to the Defendant. To the contrary, the Debtors disclosed the transfers in their original statement of financial affairs. The Chapter 13Trustee was thus aware of the potential causes of action and simply chose not to pursue them. The plan language does not alter this result, especially where the confirmed plan expressly provided that preference avoidance actions shall be available to any party in interest in the event all creditors are not paid one hundred percent by April 1, 1998, more than seven months before the expiration of the statute of limitations period. Furthermore, at the time the Chapter 7 Trustee was appointed, almost three months remained before the expiration of the statute of limitations period. He likewise had notice of the potential causes of action before the expiration of the statute of limitations period and failed to timely act.

Summary judgment in favor of the Defendant is appropriate where the evidence irrefutably demonstrates that the Chapter 13 Trustee and then the Chapter 7 Trustee discovered or should have discovered the cause of action but failed to file a timely complaint. Ernst & Young v. Matsumoto (In re United Insurance Management Inc.), 14 F. 3d 1380, 1385-86 (9th Cir. 1994). The existence of the potential preference avoidance actions against the Defendant was clearly disclosed in the Debtors' statement of financial affairs so both trustees were clearly on notice before the expiration of the limitations period.

## CONCLUSION

The bankruptcy court properly concluded that the statute of limitations of 11 U.S.C. § 546(a) was not equitably tolled during the course of the Debtors' Chapter 13 case. Accordingly the bankruptcy court's order granting summary judgment in favor of the Defendant and dismissing the Chapter 7 Trustee's complaint as untimely is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT