**In re Nellie Carter McDONALD, Debtor.**

**Albert F. Nasuti, Chapter 7 Trustee, Plaintiff**

**v.**

**Patsy Mae McDonald Dolin and David Ray Dolin, Defendants.**

**Bankruptcy No. G08–22342–REB. Adversary No. 13–2024.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Sept. 4, 2013.

Albert F. Nasuti, Norcross, GA, pro se.

Michael Brian Pugh, Thompson O'Brien, Kemp & Nasuti, P.C., Norcross, GA, for Plaintiff.

Joseph D. Cooley, Hulsey, Oliver, Mahar, LLP, Gainesville, GA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

ROBERT E. BRIZENDINE,
Bankruptcy Judge.

Before the Court is the motion of Defendants named above, Patsy Mae McDonald Dolin and David Ray Dolin, filed on April 22, 2013, to dismiss the complaint of Plaintiff–Chapter 7 Trustee. In the complaint, filed on March 26, 2013, the Trustee seeks to set aside and avoid an alleged fraudulent conveyance of certain real property by Debtor to Defendants on grounds of actual fraud under 11 U.S.C. § 548(a)(1)(A) and under Section 548(a)(1)(B) as constituting constructive fraud, and to recover said property from Defendants under 11 U.S.C. § 550. The Trustee further claims he is entitled to turnover of the Debtor's interest in said property for the benefit of the estate under 11 U.S.C. § 542. Through the motion, as combined with their answer, Defendants argue among other things that the complaint should be dismissed because the claims set forth therein are asserted outside the time provided in 11 U.S.C. § 546. Based upon an analysis of the argument presented, the case and statutory authority as cited, and a review of the record, for the reasons discussed below the Court will grant the motion as hereafter stated.[1]

The procedural history of this case is largely undisputed and summarized as follows. Debtor commenced this case under Chapter 7 on August 25, 2008. During examination of the Debtor at the Meeting of Creditors, the Trustee discovered that three months prior to filing this case, Debtor transferred the real property in question to Defendants.[2] Thereafter, on

---

1. As discussed hereafter, Defendants contend, and the Trustee concedes, that the motion has been converted into a motion for summary judgment.

2. In their answer, Defendants admit same and that the property was unencumbered, but deny the allegation that Debtor received no consideration for the transfer.

December 17, 2008, on Debtor's motion the Court converted this case to a case under Chapter 13, and Debtor caused her plan as confirmed to be funded for several years until October of 2011 when payments ceased. The case was converted back to a case under Chapter 7 on April 2, 2012, whereupon the Chapter 7 Trustee made demand upon Defendants that the subject property be turned over to the estate, and filed his complaint on March 26, 2013. The Trustee further contends the parties subsequently reached an enforceable settlement on the matter, though Defendants dispute this assertion.[3]

■ With respect to the Defendants' contention that the complaint is filed out of time, the Trustee offers several responses in opposition. Chief among these, the Trustee argues that the statute of limitations defense urged by Defendants under Section 546 is subject to equitable tolling. First, however, the Trustee presents a procedural challenge regarding whether Defendants themselves were timely in asserting their motion to dismiss based on lack of jurisdiction and failure to state a claim upon which relief may be granted, since the motion was combined with their

answer.[4] Citing the case of *First Nat'l Bank of Omaha v. Holtzclaw (In re Holtzclaw)*, 2009 WL 6499262, *1, 2009 Bankr.LEXIS 2066, *1–2 (Bankr.N.D.Ga. July 22, 2009), the Trustee insists that Defendants' motion should itself be dismissed because a motion under Rule 12(b) of the Federal Rules of Civil Procedure, as applicable herein through the Federal Rules of Bankruptcy Procedure, "must be made before pleading" as in the filing of an answer. *See* Fed.R.Bankr.P. 7012(b) and Fed.R.Civ. P. 12(b).

While this Court agrees with the observation in *Holtzclaw* that a motion "buried in a pleading" is difficult to track, in this case the motion is named in the title, and in any event, the Trustee has joined issue regarding same. In this instance, the Court is also persuaded that the motion may be considered timely since Defendants filed it simultaneously with their answer, and thus it may be viewed as having preceded same. *See Nat'l Voice Comm., Inc. v. Federal Transtel, Inc.*, 2001 WL 460867 (N.D.Tex. Apr. 30, 2001), *citing* 5C Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1361 (2d ed. 1990).[5]

3. Defendants, who were evidently proceeding *pro se* at the time of their discussions, state they later informed the Trustee through counsel that they could not fund the settlement. The Trustee maintains that the settlement creates a new obligation, which is not threatened by any bar by reason of the running of a limitations period. The docket reflects that the Trustee filed a motion to approve settlement on December 4, 2012, but that he withdrew this motion on March 21, 2013.

4. The Trustee also correctly notes that in accordance with this Court's Local Rules, a motion should be accompanied by a memorandum of law in support. In view of the fact that the parties have filed several memoranda on the issue presented, the Court in exercise of its discretion will consider Defendants' motion. *See* BLR 7007–1(a) & 7007–1(h), N.D.Ga. (2005).

5. Defendants also counter the Trustee's timing argument by stating that their motion can be recharacterized as a motion for summary judgment under Fed.R.Civ.P. 56, applicable herein by Fed.R.Bankr.P. 7056. *See Jensen v. Knowles*, 621 F.Supp.2d 921, 925 (E.D.Cal. 2008). The Court believes the motion can be considered under Rule 12(b) under the rationale set forth above since it was filed together with the answer and not subsequent to it. The Court further concludes, however, especially in view of the fact that the Trustee appears to have accepted Defendants' assertion that their motion has been converted to a motion for summary judgment, that the motion can be treated as such since the Trustee has alleged matters outside the pleadings in support of his argument for application of equitable tolling.

Next, the Court turns to the Trustee's argument in response to the motion that equitable tolling is applicable herein. The time limit to bring actions under Section 548 is controlled by the terms set forth in Section 546.[6] By operation of this statute, from the record it seems clear on its face that the Trustee filed this adversary proceeding beyond the time period provided, though he does not concede that his claim is barred under any statute of limitations defense. As further asserted by the Trustee, the limitations period in Section 546(a)(1) can be tolled on equitable grounds as warranted in certain circumstances. *See IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 699–701 (11th Cir.2005). The first situation is presented when despite a trustee's exercise of due diligence, the alleged fraud in issue is actively concealed, thus preventing the trustee from asserting a claim regarding same on a timely basis. Hence, the limitations period is considered to be tolled during that time until discovered. Secondly, equitable tolling is also appropriate when "extraordinary circumstances" beyond a trustee's control are shown that make it impossible to otherwise file a timely claim.[7]

Here, it is settled that the Trustee first discovered the transfer in issue from Debtor to Defendants during the Section 341 meeting conducted on October 14, 2008. This conveyance had been inexplicably omitted from Debtor's statement of financial affairs. The Trustee, however, did not file his complaint before the conversion of Debtor's case to a case under Chapter 13 on December 17, 2008. As a result, the case was then administered under Chapter 13. Since the Debtor proposed and funded a 100% repayment plan for nearly three and one-half years, the Trustee maintains that during this period he was prevented from bringing suit on the fraudulent conveyance.[8] Once the case was converted back to a case under Chapter 7 and the Trustee was reappointed in April of 2012, he commenced this action on behalf of the Chapter 7 estate.[9] The Trustee contends that the above-recited fact pattern supports his reliance on equitable tolling.

In response, Defendants contend that tolling on equitable grounds does not apply on these facts because the Trustee had actual knowledge of the alleged fraudulent transfer as of October 14, 2008, well within the statutory limitations period, and could have instituted his challenge at that time. The limitations bar, therefore, started to

---

6. Section 546 provides as follows:

   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
   (1) the later of—
   (A) two years after the entry of the order for relief; or
   (B) 1 year after the appointment or election of the first trustee under section 702 ... if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
   (2) the time the case is closed or dismissed.
   11 U.S.C. § 546(a).

7. *See IBT Int'l* at 700–01; *see also Davis v. Pham (In re Nguyen)*, 2013 WL 153755

(Bankr.D.Kan. Jan. 15, 2013); *Wiscovitch–Rentas v. Super Roof & Gen. Contr.*, 405 B.R. 397, 400–01 (D.P.R.2009); *Goldberg v. Craig (In re Hydro–Action, Inc.)*, 341 B.R. 186, 190 (Bankr.E.D.Tex.2006).

8. According to the Trustee, Debtor and/or Defendants funded the plan for several years as part of an intentional effort to delay reconversion, and in addition, thereby induced the Chapter 13 Trustee to refrain from pursuing the fraudulent transfer claim during that time.

9. As noted above, the Trustee also maintains a settlement has been reached in this matter, and that as a result, Defendants may not assert the defenses as raised in their motion.

run on that date and elapsed before the complaint was eventually filed. *See e.g. IBT Int'l*, 408 F.3d at 701. Further, conversion of this case to a case under Chapter 13 does not affect either the running of the limitations period or necessarily support the tolling of same. As held in the case of *Murphy v. Wray (In re Wray)*, 258 B.R. 777, 780–82 (Bankr.D.Idaho 2001), under Section 348(a) and (b), the conversion of a case under Chapter 13 to a case under Chapter 7 does not alter the date of the order for relief for purposes of computing the limitations period for avoidance actions under Section 546.[10] According to Defendants, the same principle applies here when a case is converted from Chapter 7 to Chapter 13, and then reconverted back to Chapter 7.

Defendants also note that a Chapter 13 trustee's decision not to bring a preference action in part due to a debtor's 100% payout along with the fact that the transfer had not been concealed, has been held insufficient grounds for equitably tolling the limitations period in favor of a subsequent Chapter 7 trustee. *See Lee v. Nat'l Home Centers, Inc. (In re Bodenstein)*, 253 B.R. 46, 50–51 (8th Cir. BAP 2000). In addition, the case trustee from which chapter the case is converted (or reconverted as seen here) must also exercise due diligence. *See Gillman v. Mark Oakes Trucking (In re CVA Assoc.)*, 171 B.R. 122, 128 (D.Utah 1994).

■ Having reviewed the foregoing, the Court concludes that Defendants have established the absence of a fact issue with respect to their statute of limitations defense. It is undisputed that the Chapter 7 Trustee had knowledge of the claim at issue as early as October 14, 2008, but did not file suit before two years from that date. In support of equitable tolling, the Trustee argues that genuine issues of material fact remain in connection with Debtor's conversion of her case to a case under Chapter 13, which impeded his ability to bring suit, particularly with respect to her alleged intention in seeking such conversion to thwart the Trustee's efforts to pursue his claim. The Trustee also refers to Defendants' allegedly false testimony in their own bankruptcy case in January of 2008, where they denied having held any interest in the real property at issue. Trustee's Reply Memorandum (Docket Entry No. 12), at 4–5; Affidavit of Albert F. Nasuti, attached as Exhibit "1–1" thereto.

■ Issues pertaining to state of mind or intent are not suitable for disposition by summary judgment, and all justifiable inferences are to be drawn in favor of the Trustee as the non-moving party. The Court concludes, however, that for purposes of deciding whether the applicable statute of limitations should be equitably tolled, the Trustee has not put forth sufficient evidence demonstrating the existence of a triable question of fact in connection with Debtor's motive in seeking to convert her case to a case under Chapter 13 as part of a calculated attempt to prevent the Trustee from challenging the subject transfer on behalf of the Chapter 7 estate. Similarly, although the Trustee contends Debtor was only able to maintain her case with Defendants' financial assistance, David Dolin states in his uncontested affidavit that they placed Debtor in a nursing home in October of 2011, because she became incapacitated during October of 2010. *See* Exhibit "1," attached to Defendants'

---

**10.** In addition, Section 546(a) was amended in 1994 to state that the limitations period begins to run after appointment of *the first* trustee. See *Jobin v. Boryla (In re M & L Bus. Mach. Co., Inc.)*, 75 F.3d 586, 590–91 (10th Cir.1996).

Response (Docket Entry No. 10).[11]

■ Moreover, this Court does not accept the Trustee's legal contention that conversion constitutes "extraordinary circumstances" justifying application of equitable tolling, or that the date when the Trustee admittedly acquired actual knowledge of the disputed transfer is not relevant. *See* Trustee's Response (Docket Entry No. 12), at 6–7; Defendants' Response (Docket Entry No. 14). From this Court's review of the case authority, it appears that equitable tolling is properly applied when there is evidence of an active concealment of, or misrepresentation regarding, facts showing fraud that render the filing of a timely law suit impossible by preventing the discovery of same despite due diligence, which is not the case here. *See Jackson v. Astrue*, 506 F.3d 1349, 1354–55 (11th Cir.2007); *see also Jobin v. Boryla, supra*, 75 F.3d at 591; *Bodenstein, supra*, 253 B.R. at 50–51; *Nguyen, supra*, 2013 WL 153755, *2.

As such, this Court concludes that the Trustee's admitted knowledge of the existence of a possible claim as obtained prior to conversion of this case is material for purposes of evaluating his argument that equitable tolling should be applied in this proceeding as he was unable to file suit on a timely basis while the case was pending under Chapter 13. The Trustee was not prevented by either Debtor or Defendants from discovering the claim and, in fact, learned of its existence, but, he argues, the conversion of the case constituted circumstances beyond his control that prevented

him from pursuing the claim. While the Court appreciates the Trustee's procedural dilemma in being prevented from seeking a remedy by action, the Court concludes that he has not shown an issue on grounds of having exercised due diligence in preserving the claim. *Compare Nguyen, supra*, 2013 WL 153755, *2; *accord, IBT, supra*, 408 F.3d at 701–02 (due diligence applicable); *Hydro-Action, supra*, 341 B.R. at 191.

■ Finally, with regard to the alleged settlement, the Trustee asserts that Defendants acknowledged liability and agreed to pay the estate the sum of $17,500.00 in settlement of all claims. In support of this contention, the Trustee filed several affidavits. Defendants vigorously contend through counsel that their acceptance of the Trustee's offer to pay $17,500.00 to resolve the matter was conditioned upon obtaining a loan to fund the payment, which they were unable to do. Defendants recognize with the Trustee that there is an issue of fact with respect to the existence of an enforceable settlement agreement between the parties, which is not subject to the statute of limitations defense. Response (Docket Entry No. 14), at 3–4.

In sum, the Court concludes that Defendants have established grounds for entry of an order granting their motion insofar as the Trustee's complaint is untimely under the limitations period provided in Section 546, and the Trustee has not established grounds for applying equitable tolling or shown the existence of a fact issue with regard thereto.

11. The Trustee asserts this affidavit is self-serving, and that entry of summary judgment in favor of Defendants is not warranted at this time since he has not conducted discovery on this issue and should be allowed to do so. *See* Trustee's Response (Docket Entry No. 12), at 4, & 7–8, citing *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir.1997). The Court appreciates the Trustee's practice in focusing his discovery requests. Once Defendants' motion became subject to consideration as a motion for summary judgment, however, the Trustee could have collected and submitted evidence showing the existence of a fact question bearing on analysis of the statute of limitations defense and whether same should be subject to equitable tolling. It is not the case that the Trustee has been unable to obtain responses to his discovery requests, but that no requests have been made.

Accordingly, based on the foregoing discussion, it is

**ORDERED** that Defendants named above are entitled to summary judgment against Plaintiff–Chapter 7 Trustee with respect to their assertion of a defense under the applicable statute of limitations, and therefore, Defendants' motion to dismiss as converted to a motion for summary judgment be, and the same hereby is, **granted** on the several counts set forth in the complaint.

It further appearing, however, that an issue of fact still remains regarding whether the parties entered into a binding and enforceable settlement agreement on the issues set forth in the complaint, a trial on this limited question will be set by the Court on separate written notice in the immediate future.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiff–Chapter 7 Trustee, counsel for Defendants, counsel for Debtor, and the United States Trustee.

**IT IS SO ORDERED.**